CASSITY *v.* UNITED STATES (No. 3004)[1]

United States Court of Customs Appeals, January 23, 1928

*Wm. L. Wemple* for appellant.

*Charles D. Lawrence,* Assistant Attorney General (*Reuben Wilson,* special attorney, of counsel), for the United States.

[Oral argument December 13, 1927, by Mr. Wemple and Mr. Lawrence]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

BARBER, Judge, delivered the opinion of the court:

Appellant here is a resident of the United States, and her appeal raises the single question as to whether a bracelet is entitled to free entry under the following provision in paragraph 1695 of the Tariff Act of 1922:

That in case of residents of the United States returning from abroad all wearing apparel, personal and household effects taken by them out of the United States to foreign countries shall be admitted free of duty, without regard to their value, upon their identity being established under appropriate rules and regulations to be prescribed by the Secretary of the Treasury.

[1] T. D. 42563.

Paragraph 642 of the tariff act of 1913 contained a provision in language identical with that above quoted. In paragraph 697 of the tariff act of 1897 and 709 of the act of 1909 there was also a provision in identical language, except that the words "and other personal effects" were used in place of "personal and household effects."

These earlier provisions in pari materia are referred to because of the interpretation given thereto in certain cases hereinafter mentioned.

The relevant and undisputed facts are as follows: Appellant went abroad in December, 1923, taking with her, among other things, a diamond ring containing two diamonds. Before going she made an application upon customs form 4455 entitled "Application for a certificate of registration of articles to be shipped abroad for repair, personal use, touring, etc." Therein she stated that the articles in question were "To be sent or taken abroad for the purpose of personal use." Included in the list of such articles was "One platinum diamond ring 2 diamonds." She returned on or before March 28 of the following year, and on the day last named made her "Baggage declaration and entry" on customs form 6063, in which, among other things, she mentioned "1 repaired bracelet." The appraiser, referring to this bracelet, made the following entry in red ink on said declaration:

Bracelet repairs, $371.80.
Original article ring. Identity lost. Present value, $2,000.

April 15, following, on customs catalogue No. 3311, entitled "Affidavit for free entry of returned American products," she stated under oath that—

the following-described articles of merchandise, viz: Fur wearing apparel and jewelry covered by the entry hereto annexed are, to the best of my knowledge and belief, truly and bona fide of the manufacture and taken out of the United States by me; that they were truly exported and imported as therein expressed; that they are returned without having been advanced in value or improved in condition by any process of manufacture or other means (with exception of one platinum ring, 2 diamonds taken out as ring and returned in form of bracelet); and that no drawback, bounty, or allowance has been paid or admitted thereon, or any part thereof.

The collector classified the bracelet as jewelry under paragraph 1428 of the Tariff Act of 1922 and assessed a duty of 80 per centum upon the appraised value, $2,000, thereof. No contention is made that the bracelet is not jewelry under said paragraph.

Importer thereupon protested the assessment on the ground that the bracelet was not subject to duty under the paragraph,

But is the personal effect of a resident of the United States returning from abroad, which was taken by said returning resident out of the United States, and remodeled abroad. It is entitled to free entry under paragraph 1695 of the act, except for the value of the alterations and improvements made abroad; said alterations and improvements amount to $350.00; and duty should be taken on that valuation only.

(Art. 355 (b) Regulations 1915.)

The collector transmitted the protest and the papers, to which we have referred, to the Customs Court with a report, the relevant part of which we quote:

> The merchandise in question consists of one platinum bracelet, set with diamonds, which was shipped abroad for repair, personal use, etc., in the form of a ring. It was returned by the appraiser as a bracelet, repairs value $371.00, original article, ring, identity lost, value $2,000.00. Duty was assessed on the original value of $2,000.00 at 80%, paragraph 1428, act of 1922. Note application for and certificate of registration of articles shipped abroad for repair, etc., and affidavit for free entry of returned American products. Note Articles 277 and 379 of the Customs Regulations, and paragraph 1514, act of 1922.

When the protest came on for hearing before the Customs Court no witnesses testified and the entry was made "Submitted on collector's letter incorporated by consent." Thereupon the court, in due course, entered judgment overruling the protest, and importer appealed.

The article 315 (b) of the Customs Regulations of 1915, referred to in the protest, is identical with article 388 (b) of the Customs Regulations of 1923, which is as follows:

> (b) All wearing apparel, personal and household effects, and articles for personal use taken abroad by them, if not advanced in value or improved in condition while abroad. If such effects or articles be advanced in value or improved in condition while abroad by reason of repairs or cleaning further than that necessarily incident to wear and use while abroad, or by remodeling or alterations, the cost or value of such repairs, cleaning, remodeling, or alterations is subject to duty, and must be declared. Such cost or value may, however, be included within the $100 exemption.

Importer, while admitting that the ring was, while abroad, converted into the bracelet in question, contends that it was an article of jewelry when taken abroad and that as a bracelet it was also an article of jewelry when brought back; that the return of the collector to the Customs Court establishes the identity of the imported bracelet as the exported ring; that it is therefore within the provisions of the cited customs regulation an article remodeled and entitled to free entry, except that the cost of the repairs or alterations is conceded to be dutiable.

Her counsel points out in this connection that in paragraph 1514 of the present act, which is a reenactment in the same language of a part of paragraph 404 of the tariff act of 1913, there is a provision that—

> * * * articles exported from the United States for repairs may be returned upon payment of a duty upon the value of the repairs at the rate at which the article itself would be subject if imported, under conditions and regulations to be prescribed by the Secretary of the Treasury.

Counsel seems to contend, or perhaps more correctly to query, if this provision does not justify the said customs regulation and the application thereof to this case.

The Government claims that the fair interpretation of the quoted part of paragraph 1695, especially in view of the construction heretofore given thereto by the Board of General Appraisers, precludes the free entry of this bracelet. It also points out that paragraph 1514 not being mentioned in the protest can not justify sustaining the same.

The part of paragraph 1695 under consideration does not expressly provide that articles which under its provisions are taken abroad may, if they are repaired, altered, or remodeled there, be entitled to free entry when returned, although subject to duty upon the cost of such repairs, alterations, or remodeling. The customs regulation in question seems expressly to grant that privilege, subject to such duty.

We are of opinion that such articles may at least be repaired in such manner as to reasonably maintain the condition in which they were exported, and to continue or prolong the use for which they were designed, and still be entitled to free entry. In other words, reasonable repairs may be made thereto without subjecting them, or the cost of such repairs, to duty when returned. What is a reasonable repair will always depend upon the facts in each case. It is perfectly clear to us, however, that the transforming of the ring in question here into the bracelet was not a reasonable repair of the ring.

We are unable to see how importer can be entitled to the benefit of the provisions of paragraph 1514, because the certificate made by her when she took the merchandise abroad stated that it was for the purpose of personal use there, and also because that paragraph is not invoked in her protest.

A brief review of cases decided by the Board of General Appraisers construing the provision in pari materia of preceding acts strongly fortifies the conclusion that this bracelet is not entitled to free entry.

In T. D. 27421, G. A. 6381, a sealskin coat was taken abroad. While there certain alterations were made, "including the adding thereto of a chinchilla collar, reveres, etc." The coat was denied free entry under the provision of said paragraph 697 of the tariff act of 1897, the board saying that "The sealskin coat in question as it is returned is not the same garment that was taken away." It appeared in that case that when exported the coat was valued at 500 francs, and that the value of the repairs or alterations was 378 francs, making a total value of 878 francs, upon which duty was taken.

In T. D. 31015, G. A. 7114, the provision in paragraph 709 of the tariff act of 1909 was under consideration. It appeared that a certain pendant composed of precious stones was brought back to this country by a returning resident. The stones were taken abroad by him and there made into the pendant. The board held that the pendant was not the same article taken out of this country, and denied free entry.

In T. D. 35330, G. A. 7713, free entry was claimed for a diamond bracelet under the provisions of said paragraph 642 of the tariff act

of 1913. It appeared that the article taken abroad was a diamond-set pin; that as returned it was a diamond-set bracelet, the bracelet being made out of the material that composed the pin. The board held that the thing exported was not the thing returned. The opinion in that case is worthy of more extended reference.

In Abstract 44937, reported in 41 Treas. Dec. at page 546, certain skins, which were tanned and dressed, were taken abroad by a resident of the United States and there made into a fur coat. They were brought back by the returning resident and claimed to be entitled to free entry under paragraph 642 of the tariff act of 1913. This claim was denied, the board holding "that the protestant could not take one thing abroad and bring back another free of duty" under the provisions of the paragraph.

We know of no case, and none is cited, that is in conflict with the conclusions reached in the foregoing cases. It appears, therefore, that the provision in question has, since its enactment in paragraph 697 of the tariff act of 1897, been judicially interpreted as not entitling to free entry an article taken abroad by a resident of the United States, there converted into something else, and then brought back. Congress has in three successive tariff acts, including the present one, reenacted the provision with no material change of language, from which the presumption arises that the interpretation given it was in accordance with the legislative intent.

If the quoted regulation of the Treasury Department was intended to enlarge this provision, it is, of course, inoperative to that extent.

The collector in his letter transmitting the papers to the Customs Court called attention to Customs Regulation 379, which relates to the identification of merchandise exported for repairs.

The court below, in its opinion, seems to express doubts if the diamonds in the bracelet had been identified, perhaps in view of the provisions of said regulation. We do not understand the Government to contend, for the purposes of this case, that the failure, if any there was, to comply with such regulation should be regarded as a ground for overruling the protest, and do not consider it.

We find no error in the judgment of the Customs Court, and it is *affirmed.*