BEFORE THE THIRD DIVISION, AUGUST 16, 1944

**No. 49676.**—Protest 71634–K of Gilbert W. Greene (St. Louis).

KEEFE, Judge: The question arises in this case relative to the collector's assessment of duty upon a certain ring, part of the baggage of the plaintiff, a resident of the United States returning from Mexico, and included in the personal effects of such resident taken out of the United States to such foreign country. The collector assessed duty thereon at the rate of 60 percent ad valorem under paragraph 1527 (a) (1), Tariff Act of 1930, as amended by the trade agreement with France, T. D. 48316. The plaintiff makes the following claim in his protest:

We claim that the goods in question are dutiable, or nondutiable, under the Tariff Act of 1930, as follows:
PAR. 1615 (g), Tariff Act of 1930, as amended by Sec. 35 as follows: "Any article exported from the United States for repairs or alterations may be returned upon the payment of a duty upon the value of the repairs or alterations at the rate or rates which would apply to the article itself in its repaired or altered condition if not within the purview of this subparagraph."

The entry papers disclose that the plaintiff left the United States for Mexico through Laredo, Tex., on December 28, 1940, and returned through the same port on February 14, 1941; that he brought back with him several articles which he had obtained abroad; that the articles taken out of the United States and altered or repaired abroad included one ring which was set out in manner following:

$$
\begin{array}{ll}
\text{1 ring—1 setting} & 55 \\
\text{1 ring} & 2 \\
\text{repairs} & 68 \\
\end{array}
$$

The appraiser found the complete value of the ring to be $187.50 United States currency. The articles other than the ring repairs acquired abroad amounted to $86.48. The remainder of the returning resident's $100 exemption, to wit $13.52, was subtracted from $187.50, and duty was assessed upon the balance, $173.98, at 60 percent ad valorem, or $104.39.

At the trial it was disclosed by the evidence of plaintiff that he took a vacation in Mexico, having with him his deceased wife's engagement ring; that at Laredo he made inquiry whether he would have any trouble returning with the ring and whether or not it should be registered, and he was informed that it was not necessary to register it. At the time of departure from the United States he had no intention of having the ring altered.

While in Mexico he purchased a man's ring composed of white gold with a setting he desired. It had a plain flat top and on one side there was an opal and the other a bloodstone set into the ring; the top of the ring was plain. The ring taken into Mexico was composed of platinum and consisted of a solitaire diamond surrounded by filigree work. After purchasing the ring the plaintiff had the under part of the plain band of his wife's ring cut away and the remainder superimposed upon the plain top of the man's ring purchased in Mexico.

Acting appraiser Garrison testified for the plaintiff that a Mrs. A. G. Packard

was in his office with the plaintiff and identified before him the mounting, the witness stating:

That portion of the mounting that is superimposed on the ring, she identified as his deceased wife's engagement ring, as she has known it for over 30 years.

The plaintiff relies upon the case of *Jones* v. *United States*, T. D. 46877, particularly as to the court's holding relative to a platinum chain containing eight diamonds taken abroad where ten more diamonds, removed from other jewelry, were added thereto, and contends that under the ruling in that case the identity of the ring in question has been sufficiently established to permit free entry, except for the repairs, under paragraph 1615 (g).

The Government contends that the identity of the diamond solitaire ring was destroyed and a new and different article was created, also relying upon *Jones* v. *United States, supra.*

The law and regulations of interest in connection with the questions arising in this case are cited below in order to be of ready reference by reason of our holding herein.

The paragraphs of the Tariff Act of 1930, provide as follows:

PAR. 1798 * * * *Provided further*, That in case of residents of the United States returning from abroad all wearing apparel, personal and household effects, * . * * taken by them out of the United States to foreign countries shall be admitted free of duty, without regard to their value, upon their identity being established under appropriate rules and regulations to be prescribed by the Secretary of the Treasury: * * *.

Paragraph 1615, as amended by section 35 of the Customs Administrative Act of 1938:

PAR. 1615 (g) Any article exported from the United States for repairs or alterations may be returned upon the payment of a duty upon the value of the repairs or alterations at the rate or rates which would apply to the article itself in its repaired or altered condition if not within the purview of this subparagraph.

(h) The allowance of total or partial exemption from duty under any provision of this paragraph shall be subject to such regulations as to proof of identity and compliance with the conditions of this paragraph as the Secretary of the Treasury may prescribe.

Pursuant to paragraph 1798, article 419 (b) provides as follows:

(b) If an article taken abroad has been advanced in value or improved in condition while abroad by reason of repairs or cleaning further than that necessarily incident to wear and use while abroad, or by reason of alterations or additions which do not change the identity of the article, the cost or value of such repairs, cleaning, alterations, or additions is subject to duty. Articles taken abroad and there changed in such a manner that they cease to be the same entities and become new creations are dutiable when returned to the United States at their full value. In either such case, the $100 exemption may be applied to the dutiable cost or value.

The pertinent provisions of article 408 of the Customs Regulations of 1937, as amended by T. D. 49658, read as follows:

Art. 408. (c) Prior to the exportation of such articles, an affidavit and application, in duplicate, on customs Form 4455, shall be filed with the collector of customs a sufficient time before the departure of the exporting conveyance to permit of the examination of the articles.

*        *        *        *        *        *        *

(e) Upon delivery of the articles to the place designated by the collector, the appraiser shall cause them to be examined for the purpose of identification, and make his report on customs Form 4455. * * *. Photographs or other means of identification must be furnished appraising officers when required. * * *. Upon the * * * examination of the articles and their lading on the exporting conveyance the collector will deliver to the exporter a duplicate of customs Form 4455.

*        *        *        *        *        *        *

(g) [as amended.] If at the time of reimportation the value of the articles, in their repaired or altered condition, exceeds $100, there shall be filed in con-

nection with the entry an invoice showing separately the value of the articles in their repaired or altered condition and the cost or value of the repairs or alterations. This invoice shall be certified by the American consul when the merchandise is of a class requiring a consular invoice, and shall have attached thereto a certificate, certified by an American consul, made by the person in the foreign country who made the repairs or alterations. * * *.

(h) [as amended.] * * *. In cases where an article exported and repaired or altered abroad is imported by a person not a regular importer, and the exportation was not made in accordance with these regulations, the collector, if satisfied as to the bona fides of the transaction and that the exporter was ignorant of the regulation requirements, may waive the production of the certificate of registration (customs Form 4455) and compliance with so much of these regulations as relates to the exportation under such certificate.

&ast; &ast; &ast; &ast; &ast; &ast; &ast;

(j) [as amended.] Collectors shall require at the time of entry a deposit of estimated duties, based upon the value of the repairs or alterations, and shall order all packages containing such articles to the appraiser's stores for identification of the articles and appraisement of the value of the repairs or alterations.

&ast; &ast; &ast; &ast; &ast; &ast; &ast;

(l) [as amended.] The term "repairs or alterations" is hereby defined to mean any restoration, change, addition, renovation, cleaning, or other treatment which does not destroy the identity of the article exported or create a new or different article.

Paragraph 1615, as amended, specifically provides that an article may be exported from the United States to foreign countries for "repairs or alterations" and may be returned free of duty except for payment of duty upon the value of the repairs or alterations providing the article so exported for repairs upon its return to the United States is identified in accordance with the regulations, the exemption from duty being made subject "to proof of identity and compliance with the conditions of this paragraph as the Secretary of the Treasury may prescribe." Pursuant to such statutory direction, article 408 of the Customs Regulations of 1937 was amended by T. D. 49658. Regulations promulgated prior to the passage of the Customs Administrative Act of 1938 have been held to be reasonable and to have full effect of law, and a condition precedent to entry upon payment of duty for the repairs only. See *Bernheim* v. *United States*, T. D. 35330; *Central Scientific Co.* v. *United States*, T. D. 44356. The Secretary of the Treasury in T. D. 49658 did not materially change article 408 except as to the definition of repairs by including therein "or alterations." As amended the definition recognizes that *additions* may be made to an article, but fails to take any cognizance of the fact that additions to an article, in some respects, creates a new or different article. The common meaning of "alterations" implies that an article altered may become different in some respects, without there being an entire change. While, under the paragraph before amendment, the supplying of new parts to an article may be regarded as something more than a repair (see *Meyrowitz* v. *United States*, Abstract 40598), under the law as amended, clearly new additions are contemplated so that an article may be made different from that exported in some particular so long as it has not been converted into something else. The alterations made to the ring in question, according to the law under which it was entered, are not of such nature as to preclude its identity under the provisions of paragraph 1615. However, the regulations of the Secretary of the Treasury as to exportation for repairs have not been complied with. These regulations have been held to be a condition precedent to the free entry of repaired articles upon return of the same to the United States. The ring in question was taken by the plaintiff into Mexico as a part of his baggage. It not only was not registered as an article to be exported for repairs, but the plaintiff at the time he entered Mexico did not contemplate having any repairs or alterations made in connection therewith. The claim under paragraph 1615 therefore can not be sustained because of the noncompliance of regulations.

It might be noted here, however, that irrespective of the provisions of paragraph 1615, as amended, *supra*, a resident of the United States while traveling abroad may have repairs or alterations made upon any of his personal effects taken from the United States without the necessity of registering the article at the time he left the United States. (See *Hillhouse* v. *United States*, T. D. 27831; *Cofod* v. *United States*, Abstract 21452; *Cassity* v. *United States*, 15 Ct. Cust. Appls. 369; T. D. 42563; and *Jones* v. *United States*, T. D. 46877.) Upon the return of the ring to the United States, it was entered as free under paragraph 1798, *supra*, and, under the foregoing decisions, the collector erroneously refused to identify the ring as it had not been changed in such manner as to become a new entity. The major portion of the article taken abroad was returned and was identifiable. We are, however, unable to return a judgment in favor of the plaintiff. Unfortunately, the plaintiff has failed to specify that the ring was entitled to free entry under paragraph 1798, and has specifically limited his claim to paragraph 1615. Although the law provides that a protest may be amended before trial to include other claims, the plaintiff also failed to avail himself of the privilege of amendment, thus electing to stand or fall upon his claim that the ring was free as American goods returned, under the provision covering articles exported for repairs or alterations. This court is without equitable jurisdiction, and inasmuch as the protest before us fails to claim that the ring was entitled to free entry under paragraph 1798, *supra*, we are constrained to sustain the action of the collector although not approving of the same. See *United States* v. *Furuya*, 11 Ct. Cust. Appls. 551, T. D. 39699.

For the reasons stated judgment will be entered in favor of the defendant.