**No. 57220.**—Globe Shipping Co., Inc., a/c Donald A. Holm, Inc. v. United States, petition 6914–R (New York).

FORD, Judge: The petition listed above was filed under the provisions of section 489 of the Tariff Act of 1930, and prays for the remission of additional duties incurred by reason of undervaluation of certain imported merchandise on entry.

It appears from the record that the merchandise in this case was imported by the firm of Donald A. Holm, Inc., and that Globe Shipping Co., Inc., acted as customhouse broker for Donald A. Holm, Inc., filing the entries in the name of Globe Shipping Co., Inc. At the trial, it was stated as follows by counsel for petitioner:

* * * This petition was filed by Globe Shipping Co., Inc., who was the broker and who finds himself directly liable for duties on which no owner's declaration was filed and also finds himself liable on sureties even where owner's declarations were filed. * * *

\* \* \* \* \* \* \*

Now, in the other situation where there is an owner's declaration filed, since this firm, Donald A. Holm, Inc., is dissolved and out of business, those duties are the direct liability of the surety company, but it is established also that as surety on the bonds, Globe Shipping Co. will be in turn responsible to the surety company, who pay out as principal. Therefore, there is a direct and indirect interest on behalf of the Globe Shipping Co.

The above statement was made by a reputable attorney, a member in good standing of the bar of this court, and was not challenged or contradicted by counsel for respondent. In view of the foregoing, we accept this petition as having been properly filed in accordance with rule 25 of the current rules of this court, adopted April 25, 1949.

The record shows that during the time the merchandise was under examination for the purpose of appraisement, petitioner was in communication with the office of the United States appraiser and that petitioner disclosed to the appraiser all the information in its possession regarding the value of this merchandise; that there was a difference of opinion between the purchaser of this merchandise and the appraiser as to the value of this merchandise, the purchaser contending that the merchandise used as a basis of appraisement was a different quality or type from the imported merchandise and for that reason the value placed upon the involved merchandise was too high.

This appears to be one of those cases where the ultimate consignee and the appraiser had an honest difference of opinion as to the correct value of the merchandise, each being convinced that he was right. After the importer had made several trips abroad in an effort to ascertain the correct value at which entry should be made, and after the appraiser had obtained a number of foreign reports regarding the value of the merchandise, they were still unable to agree, and the importer thereupon filed appeals to reappraisement. There is no suggestion that petitioner at any time withheld any information which it had obtained from the appraiser or that it intended in any way to defraud the revenue of the United States. The testimony on this point is positive and without contradiction.

During the trial of this case, a member of the customs brokerage firm was questioned as follows:

Q. Can you say, based on your relationship as agent and customs broker for Donald A. Holm, Inc., do you have an opinion as to the good faith of that concern in entering these entries at the prices that they did?

to which the witness replied as follows:

THE WITNESS: I believe, honestly believe, that Donald A. Holm acted in good faith in all his dealings in importing shipments.

The United States examiner of merchandise, Mr. Slade, who examined this merchandise and made recommendations to the appraiser as to the correct values, testified in part as follows:

Q. Would you please state very briefly what the situation was just prior to the time when the invoices were appraised?—A. Well, we had foreign inquiries on the merchandise or what we called in those days foreign investigations and we found at the time from the information contained in those reports and the samples submitted by our agents from England that the merchandise sold in the home market was similar to the merchandise being imported in the United States.

Q. Was that the difference, was that the difference that existed between Donald A. Holm, Inc. and the Customs authorities?—A. That's right, sir.

Q. You believe that was an honest difference of opinion as to the value?—A. I believe it is.

\*     \*     \*     \*     \*     \*     \*

Q. Would you have given permission to amend the entries if you thought the importer had acted in bad faith?

\*     \*     \*     \*     \*     \*     \*

THE WITNESS: No, we would not.

\*     \*     \*     \*     \*     \*     \*

In *Syndicate Trading Co.* v. *United States*, 13 Ct. Cust. Appls. 409, T. D. 41339, the Court of Customs Appeals stated:

We have recently in effect held, in cases of this character, that if the importer exercises what is, under the circumstances of the case, absolute good faith in making his entry, and fully and candidly discloses all the material facts bearing upon the value of the merchandise, he is entitled to a remission of additional duties. *Hauptman* v. *United States*, 13 Ct. Cust. Appls. 295; T. D. 41218; *Linen Thread Co.* v. *United States*, 13 Ct. Cust. Appls. 301; T. D. 41220; *Klein, Messner Co.* v. *United States*, 13 Cust. Ct. 273; T. D. 41212.

In the above case, the examiner had testified as follows:

Q. Was there any attempt with regard to this entry to conceal from you any facts or to misrepresent you with respect to the conditions over there?—A. I think not.

Q. Is it your belief that the entry was made in good faith at the entered prices?—A. I do.

Q. There was no attempt to defraud the revenue of the United States?—A. I think not.

From an examination of the record before us, we are satisfied that the entries in this case at less values than those found upon final appraisement were made without any intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise. The petition is therefore granted. Judgment will be rendered accordingly.