**No. 57820.**—W. X. Huber Co. *v.* United States, petition 6842–R (Los Angeles).

FORD, Judge: The petition listed above was filed by petitioner under the provisions of section 489 of the Tariff Act of 1930 and prays for the remission of additional duties incurred by reason of undervaluation on entry of certain imported merchandise.

It developed at the trial of this petition that the actual importer of the involved merchandise, Donald A. Holm, Inc., was no longer in existence, and that Donald A. Holm, the owner of Donald A. Holm, Inc., had died before the date of the trial. It also developed that the assistant collector of customs and the appraiser of merchandise, both of whom had handled this transaction when the entry was made, had both passed away prior to the trial of this petition.

At the trial, W. X. Huber testified for petitioner that he had been a customhouse broker from 1926 to 1941 at Los Angeles, Calif., and that he had acted as customs broker for the firm of Donald A. Holm from 1929 or 1930 to about 1941; that he made the entry in this case based upon the invoice price; that the date of the entry was February 18, 1938, and the date of final appraisement was April 23, 1941; that between those two dates he had had conversations with the assistant collector of customs; with Mr. George R. Gulick, the appraiser; with Mr. Clouse, who was the examiner; with Mr. Gottfried; and with Mr. Holm, all in Mr. Salter's office, as to the value of this tile in England.

The witness testified that as a result of those meetings it was agreed that one of the 20 or 25 entries which Donald A. Holm had made of tile from England, the involved entry was selected as a test case and that appraisement of the other entries was to be withheld pending the outcome of the test case; that, thereafter, the involved entry was appraised, from which an appeal to a reappraisement was filed; that the other entries were amended, and the additional duties paid. There was admitted in evidence the testimony given by Donald A. Holm in the reappraisement case, above referred to.

The testimony of Donald A. Holm in the reappraisement case deals entirely with the value of the merchandise and contains nothing which would tend to support this petition for remission of additional duties.

Robert S. Dick testified next for petitioner that he was an officer of Donald A. Holm, Inc., in charge of stock; that the business of the company was importing and distributing tile; that he was in charge of the warehouse and distribution, selling off the floor; that he did not take any part in the details of importing;

that Donald A. Holm was in charge of office finance and matters of that kind; that he had been the factory agent of the exporter herein since 1922, for which service he was paid a 5 per centum commission on the value of the merchandise at the plant in England; that he did not make the sale of the merchandise to Donald A. Holm, "they did their own .buying, put up their own money, made their entries," and that he then received his commission from the exporter; that during the time he was an employee and officer of the Holm corporation he was receiving a commission from the exporter on the sale of tile by the exporter to Donald A. Holm, Inc.

In its brief filed herein, counsel for the petitioner makes the following statement:

When an importer disagrees with the apprasier as to the dutiable value of merchandise and, in order to make up a test case, makes entry at a value he knows will not be acceptable to the appraiser, but discloses all the facts to the customs officers before entry, the filing of the entry under such conditions has been held not to indicate an attempt to deceive the appraiser or defraud the revenue of the United States. *Hearst Magazines* v. *US*, 1 CCR 46, CD 13; *Golding* v. *US*, 72 Treas. Dec. 131, TD 49078.

Since there is no evidence before us to show that petitioner, or any one else connected with this transaction, disclosed all the facts concerning this transaction to the customs officials prior to entry, the above contention can be given little consideration, and the authorities therein cited have no application to this case.

Referring to the difference between the petitioner and the appraiser as to the value at which entry should have been made, counsel for petitioner, in his brief filed herein, makes the following statement:

* * * The reports of the Treasury representatives who carried on investigations into the value of the merchandise are additional evidence that the difference of opinion was an honest one.

Unfortunately for petitioner, counsel for petitioner asked only to have the testimony of Donald A. Holm and George R. Gulick, given in the reappraisement case, admitted in evidence in this case. Mr. Gulick did not testify in the reappraisement case. Therefore, the only portion of the reappraisement proceedings that is before us herein is the testimony of Donald A. Holm. Consequently, the reports of the Treasury representatives, referred to by counsel for petitioner, are not before us for consideration.

Finally, counsel for petitioner calls to our attention the case of *Globe Shipping Co., Inc., a/c Donald A. Holm, Inc.* v. *United States*, 30 Cust. Ct. 400, Abstract 57220, and insists that the facts and circumstances in that case are the same or so closely similar to the facts and circumstances in the present case as to make that case an authority for granting the petition herein. Also that "In the present case, not only are the same facts present as in the New York case, but there is the additional and weighty element of the test case undertaken after full consultation with customs authorities."

The facts in the *Globe Shipping Co.*, case, *supra*, are so dissimilar to the facts in the present case as to render that case of no aid or assistance to the petitioner herein. In that case, a member of the customs brokerage firm, who had handled the entry, testified that "I believe, honestly believe, that Donald A. Holm acted in good faith in all his dealings in importing shipments." In the *Globe Shipping Co.* case, *supra*, the United States examiner of merchandise, Mr. Slade, who examined that merchandise and made recommendations to the appraiser as to the correct values, testified in part as follows:

Q. Would you please state very briefly what the situation was just prior to the time when the invoices were appraised?—A. Well, we had foreign inquiries on the merchandise or what we called in those days foreign investigations and we found at the time from the information contained in those reports and the samples

submitted by our agents from England that the merchandise sold in the home market was similar to the merchandise being imported in the United States.

Q. Was that the difference, was that the difference that existed between Donald A. Holm, Inc. and the Customs authorities?—A. That's right, sir.

Q. You believe that was an honest difference of opinion as to the value?—A. I believe it is.

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

Would you have given permission to amend the entries if you thought the importer had acted in bad faith?

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

THE WITNESS: No, we would not.

The above facts as to the good faith of the petitioner in the *Globe Shipping Co.* case, *supra*, which formed the basis for granting the petition in that case, are completely absent in the present case.

Based upon this record, and for the reasons stated, we must conclude that petitioner herein has not established by credible evidence that the entry of the involved merchandise at a value less than that found upon final appraisement was without any intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise. The petition is therefore denied. Judgment will be rendered accordingly.