GOLDING BROS. CO., INC. *v.* UNITED STATES

No. 5272.—Invoices dated Vichte, Belgium, December 15 and December 20, 1937.
　　　　　Certified December 18 and December 22, 1937.
　　　　　Entered at New York January 5 and January 6, 1938.
　　　　　Entry Nos. 101900 and 101945.

## Third Division, Appellate Term

(Decided May 20, 1941)

*Siegel & Mandell* (*Samuel T. Siegel* of counsel) for the appellant.
*Charles D. Lawrence*, Acting Assistant Attorney General (*Samuel D. Spector*, special attorney), for the appellee.

Before CLINE, EVANS, and KEEFE, Judges

CLINE, Judge: This is an application for review of the decision of the trial court in *Golding Bros. Co., Inc.* v. *United States*, Reap. Dec. 5007. The merchandise involved consists of mattress tickings exported from Belgium in December, 1937.

At the trial below the two appeals were consolidated for hearing and counsel for the plaintiff announced that he did not contest the appraised values on certain qualities. He said:

We admit the correctness of the appraised value on the following: "Ostend, 894, 56 inch; Milbourne 900, 56 inch; Marseille, 834, 56 inch; Newsoie 864, 56 inch". On those items which I have just mentioned to the reporter, we will accept the appraised value. Whenever I have mentioned "Ostend, 894, 56 inch," that is the jacquard. We are contesting the "Plain Border", and the same thing on "Milbourne".

An examination of the invoices show that the qualities upon which the plaintiff abandoned his claim were appraised on the basis of foreign value either in Belgian or British currency, while the qualities which he contested were appraised in United States currency on the basis of United States value.

The record consists of documentary evidence. The importer introduced two affidavits which were marked exhibits 1 and 2 and the defendant introduced a report of a Treasury representative which was marked exhibit 3.

Exhibit 1 is an affidavit of Mr. Eugene Bekaert, a partner of the firm of Vve Ivo Bekaert & Enfants, the exporter of the merchandise covered by both appeals. It refers specifically to the merchandise on the invoice dated December 15, 1937, which is covered by No. 132670–A.

The affiant states that he has personal knowledge of all the commercial transactions of his firm; that it is engaged in the sale of tickings throughout Belgium as well as for export to foreign countries; that no understanding or agreement existed between his firm and Golding Bros. Co., Inc., whereby they are to limit, restrict, or confine their sales to Golding Bros. Co., Inc., and the sales to that firm are freely made with no restrictions whatsoever; that the prices appearing on the invoice of December 15, 1937, of qualities 894, 900, 834, and 864 represent the true purchase prices of these particular qualities and

they were prepared and willing to sell, in the usual wholesale quantities and in the ordinary course of trade at the time of exportation of the merchandise in question, the identical quality numbers at the prices declared on the consular invoice under the heading of foreign-market value or present value; that the quality numbers represent a certain type of construction which never varies; that the usual wholesale quantity is one piece of about 50 yards or 50 meters. As to the 41-inch width fabrics, the affiant stated:

With reference to 41'' width fabrics, jacquarded, this particular width is made exclusively for export to the United States and is not a width which can be used or sold for use in the markets in Belgium nor to countries other than the United States, and the price at which this merchandise was sold to Golding Bros. Co., Inc., is the price at which our firm would have been willing to receive from anyone in the United States, desiring to purchase the same quality in the same width, and that the price for export to the United States at the time of shipment here in question is the one declared on the invoice as the present market value of the quality noted;

Exhibit 2 is another affidavit of Mr. Eugene Bekaert and refers specifically to the merchandise covered by the invoice dated December 20, 1937, in reappraisement 132671–A. The language of the affidavit is substantially the same as that in exhibit 1.

Exhibit 3 is a report of Treasury Representative Charles Schlager (No. 301/279), dated December 15, 1938. This report appears to have been made in response to letters from the Treasury Department dated May 9 and June 7, 1938, asking the Treasury agent to check up an affidavit submitted by the manufacturer relative to foreign value of mattress tickings. It does not appear to relate specifically to the importations covered by these appeals. Under the heading "Export Value," the following appears:

All business in the American market has been done solely with Golding Bros. and for the past year no sales have been made to other customers in that market. Mr. Bekaert states, however, that he is at liberty to sell the same qualities to other customers but the designs are reserved exclusively to and owned by Golding Bros.

The following appears under the heading "Foreign Value":

The Golding Bros. qualities appear to have been offered in the home market as evidenced by copies of letters offering the merchandise, which were submitted with the manufacturer's affidavit.

Mr. Bekaert admits that the merchandise as shipped to the United States is not adapted to the Belgian market and no actual sales have been made during the past year.

Certain price lists and offers are attached to this exhibit but they are all dated subsequent to the shipments herein involved and the merchandise here in issue is not mentioned therein. They cover the qualities in 56-inch goods which are on the invoices in this case but counsel for the plaintiff abandoned his appeal with respect to that

merchandise when he agreed at the opening of the trial that those qualities were properly appraised by the appraiser.

The appellant claims that the trial court erred in appraising certain of the goods in United States currency on the basis of United States value. He urges that there was an export value for those items and that the merchandise should be appraised on the basis of export value at the prices shown on the invoices. It is claimed that exhibits 1 and 2 show that the merchandise was freely offered for sale for export to the United States. The affiant did not attach any copies of offers to those exhibits and he did not show evidence of any sales to the United States market other than the two invoices in this case. They have little value as evidence in a case where the same shipments are under reappraisement. The statement in the affidavits that:

* * * the price at which this merchandise was sold to Golding Bros. Co., Inc., is the price at which our firm would have been willing to receive from any-one in the United States, desiring to purchase the same quality in the same width, * * *

is similar to the statement considered in *Golding Bros. Co., Inc.* v. *United States*, Reap. Dec. 5196, and therein held insufficient to show that the merchandise was freely offered for sale for export to the United States, citing *United States* v. *Oceanic Trading Co.*, Reap. Dec. 3233. A similar statement appears in an excerpt quoted from an affidavit in the case of *Golding Bros., Inc.* v. *United States*, Reap. Dec. 3680, 68 Treas. Dec. 1310. The court held in that case that the importer had not established export value and that decision was affirmed on appeal. *Golding Bros. Co., Inc.* v. *United States*, 24 C. C. P. A. 15, T. D. 48289.

The further statement in the affidavits that "the price for export to the United States at the time of shipment here in question is the one declared on the invoice as the present market value of the quality noted" is entitled to little weight in the absence of evidence of sales or offers for sale at the prices noted on the invoices.

We make the same findings of fact that are set forth in the decision below, as to the goods here in issue, namely:

(1) That the merchandise in question consists of certain mattress tickings (the qualities being enumerated in the decision below) imported from Belgium.

(2) That there was no foreign or export value for such or similar merchandise at the time of exportation of the cotton mattress tickings in question.

(3) That the proper basis for appraisement of said merchandise is United States value.

(4) That the proper dutiable United States values for the merchandise in question are the appraised values.

We hold that the evidence submitted before the court is insufficient to overcome the presumption of correctness attaching to the appraisement. The judgment below is affirmed.