CHARLES HAPPEL, INC., A/C MON FONG WO CO. *v.* UNITED STATES

No. 7715.—

Entry No. 723018, etc.

(Decided July 11, 1949)

*William Whynman* for the plaintiff.

*David N. Edelstein*, Assistant Attorney General (*Guy Gilbert Ribaudo*, special attorney), for the defendant.

CLINE, Judge: These are appeals for reappraisement of various shipments of soy sauce, plum sauce, fruit sauce, salted soy beans, and bamboo shoots, exported from Cuba between December 21, 1943, and April 19, 1944. The following is a table of the items of merchandise involved herein together with their respective entered and appraised values:

| Reappt. No. | Description | Entered Value | Appraised Value |
|---|---|---|---|
| 157490–A | Spiced, salted soy beans (cooked black beans) | 10 cts. per lb. plus 60 cts. case | 28 cts. per lb. plus 60 cts. box, all other packing costs included |
| 157491–A | Spiced, salted soy beans (cooked black beans) | 8 cts. per lb. plus 50 cts. case | 28 cts. per lb. plus 50 cts. tin, all other packing costs included |
| | Fruit sauce, soy bean sauce, and plum sauce in 5-lb. tins | 14 cts. per lb. plus 50 cts. case | $1.25 tin packed |
| | Fruit sauce, 50-lb. tin | 10 cts. per lb. plus 50 cts. case | 21 cts. per lb. packed |
| | Soy bean sauce, 50-lb. tin | 8 cts. per lb. plus 50 cts. case | 20 cts. per lb. packed |
| | Soy bean sauce, 100-lb. barrel | 10 cts. per lb. plus 80 cts. per barrel | 20 cts. per lb. packed |
| | Soy sauce, 100-lb. barrel | 12 cts. per lb. plus 80 cts. bbl. | 21 cts. per lb. packed |
| | Bamboo shoots, 1-lb. tin | 12 cts. lb. plus 50 cts. case | 34 cts. per tin packed |
| | Bamboo shoots, 5-lb. tin | 10 cts. per lb. plus 50 cts. case | $1.10 per tin packed |

| Reappt. No. | Description | Entered Value | Appraised Value |
|---|---|---|---|
| 157492–A | Spiced, salted soy beans (soy beans, prepared) | 10 cts. lb. plus 80 cts. case | 28 cts. per lb. plus 50 cts. tin, all other packing costs included |
| | Soy sauce, 100-lb. barrel | 10 cts. lb. and 12 cts. lb. plus 80 cts. barrel | 21 cts. per lb. packed |
| 157493–A | Spiced, salted soy beans (soy beans, prepared) | 8 cts. lb. plus 60 cts. case | 28 cts. per lb. plus 50 cts. tin, all other packing costs included |
| | Soy sauce, 100-lb. barrel | 10 cts. per lb. and 12 cts. per lb. plus 60 cts. bbl. | 21 cts. per lb. packed |
| | Fruit sauce, 50-lb. tins | 10 cts. lb. plus 60 cts. case | 21 cts. lb. packed |

The importer claims that the entered value of each item, as represented on the consular invoice, is the correct dutiable value of said item; that the foreign and export values are the same; and that such values are the entered values. The Government contends that the appraised values are the correct dutiable export values of such or similar merchandise.

It is incumbent upon the plaintiff in reappraisement cases to meet every material issue involved, to overcome the presumption of correctness attaching to the appraiser's valuation, and to prove the correct dutiable value. *Meadows, Wye & Co. (Inc.)* v. *United States*, 17 C. C. P. A. 36, T. D. 43324; *United States* v. *T. D. Downing Co.*, 20 C. C. P. A. 251, T. D. 46057; *Harry Garbey* v. *United States*, 24 C. C. P. A. 48, T. D. 48332; *Transatlantic Shipping Co., Inc. (Absorbo Beer Pad Co., Inc.)* v. *United States*, 28 C. C. P. A. 19, C. A. D. 118.

In order to meet this burden, plaintiff introduced into evidence a sworn statement of Enrique W. Chong, dated August 15, 1947, together with a translation thereof (plaintiff's collective exhibit 1). Enrique W. Chong states in this affidavit:

I sold and shipped to Mon Fong Wo, New York City, New York, U. S. A., the merchandise enumerated on the consular invoices No. 63, dated Havana, Cuba, December 1943; No. 71, dated Havana, Cuba, December, 1943; No. 2120, dated Havana, Cuba, February, 1944 and No. 6663, dated Havana, Cuba, April, 1944.

The respective prices stated on the consular invoices for the merchandise therein described, were at the time of each shipment, the market value or the price at those times for exportation of such merchandise to the United States or for sale in Havana, Cuba, which is the principal market in Cuba. Said merchandise was freely offered for sale by me to all purchasers in the ordinary course of trade and in the usual wholesale quantity.

The affiant described the method of manufacturing soy sauce and stated that variations in the prices of soy sauce and other articles,

such as fruit sauce and bamboo sauce, were due to differences in grade, quality, color, taste, consistency, and character.

This affidavit, which is unsupported by price lists or other evidences of sales or offers to sell, is entitled to little weight in and of itself. *Golding Bros. Co., Inc.* v. *United States*, 6 Cust. Ct. 964, Reap. Dec. 5272; *Jenkins Brothers* v. *United States*, 25 C. C. P. A. 90, T. D. 49093; *Transatlantic Shipping Co., Inc. (Absorbo Beer Pad Co., Inc.)* v. *United States*, *supra.* Moreover, the veracity of the statement is open to grave doubt in view of certain documents introduced into evidence by the defendant.

According to a report of Treasury Representative Wilson C. Beers, dated March 20, 1945 (defendant's exhibit 2), Enrique Wong Chong stated that his firm never sold or offered merchandise identical or similar to any involved herein for sale to any firms or buyers for home consumption or to any firms in the United States other than Mon Fong Wo Co.; that all the consular invoices were prepared by P. de Pool Pilar; that Enrique Wong Chong would sign 40 or 50 consular invoice forms in blank and that P. de Pool Pilar would prepare them and attend to all further details relative to the execution thereof without showing him any copies; that the dates of orders inserted therein by P. de Pool Pilar were false, fictitious, and of no significance whatever, since the firm had actually never received any orders from the importer but simply shipped merchandise in pursuance of a general arrangement; that the prices shown in column 11 of the consular invoices as representing current prices for export were inserted by P. de Pool Pilar and the significance thereof was unknown to Enrique Wong Chong; that the prices on the consular invoices were equivalent to the prices at which he purchased from Chinese manufacturers in Cuba, plus an addition of 25 to 33⅓ percent to cover expenses and profit.

Defendant's exhibit 5 consists of a report of Treasury Representative Joseph H. Dillon, dated January 17, 1946, and an affidavit of Enrique W. Chong, sworn to before the vice consul of the United States on January 14, 1946. The report states that all of the consular invoices involving shipments by Enrique W. Chong to Mon Fong Wo Co. were incorrect by admission of Mr. Chong in that they did not reflect in column 11 the prices at which such or similar merchandise was freely offered and sold for home consumption by Enrique W. Chong; that Enrique W. Chong is paid a 20 percent commission on all vegetables and a 10 percent commission on all sauces and prepared foodstuffs purchased and shipped to the importer; that the commission is based on the actual purchase price of the merchandise and includes payment for inland freight; that similar merchandise is freely offered and sold by Enrique W. Chong for home consumption; that the usual wholesale quantity is very small and there is no discount for quantity;

that no price lists are issued; that consular invoice Nos. 63, 71, and 6663 showed the street where the manufacturer lived rather than his name, which was Cuan Chon.

The affidavit of Enrique Wong Chong (defendant's exhibit 5) states that he was requested through the Chinese consul at New York to secure foodstuffs to be shipped to Mon Fong Wo Co.; that he purchased the merchandise from various farmers and canners in Cuba at prices arrived at through bargaining; that he considered himself to be the purchasing agent in Cuba for Mon Fong Wo Co., for which service he is paid a commission of 20 percent on the purchase price of vegetables and 10 percent on the purchase price of sauces and other foodstuffs; that the prices on the consular invoices do not include the commissions, nor are they the prices at which such or similar merchandise is sold by him in Cuba. The affidavit contains a list of the prices at which he sold merchandise of the type involved herein, namely, during December 1943 and January 1944, black beans at 15 cents per pound; plum sauce, fruit sauce, and soy bean sauce at 20 cents per pound; bamboo shoots (large) at 18 cents per pound, and bamboo shoots (small) at 15 cents per pound; during January and February 1944, soy beans and soy sauce at 15 cents per pound; and pure soy sauce at 18 cents per pound; during April and May 1944, soy sauce and fruit sauce at 15 cents per pound; pure soy sauce at 18 cents per pound; and salted soy beans at 12 cents per pound.

Defendant's exhibit 4 consists of a report of Treasury Representative Dillon, dated November 7, 1946; a copy of the affidavit of Enrique W. Chong, dated January 14, 1946; an affidavit of Raul F. Washington, vice consul of the United States, dated November 7, 1946; and an affidavit of Frank J. Valdes, Spanish interpreter-translator in the office of the United States Treasury Representative in Charge, dated November 7, 1946. It appears from these documents that Enrique W. Chong, in interviews on November 1 and 4, 1946, stated that the information contained in the affidavit of January 14, 1946, was incorrect and that he had signed said statement without full knowledge of its contents; that Mon Fong Wo Co. never agreed to pay him a commission on any of the merchandise shipped to them; that the so-called commissions of 20 percent and 10 percent were added to the price he paid as his profit; that the unit prices shown on the consular invoices included these commissions. The affidavits of Mr. Washington and Mr. Valdes state that the affidavit made by Enrique W. Chong on January 14, 1946, was made by him willingly and was translated and explained to him before he signed it.

In view of the contradictory statements of Enrique Wong Chong, it cannot be held that his affidavit of August 15, 1947 (plaintiff's collective exhibit 1), which is unsupported by any evidence of sales

or offers to sell, is sufficient proof of the prices at which such or similar merchandise was freely offered for sale, in the usual wholesale quantities, and in the ordinary course of trade, for exportation to the United States. There is no other evidence in the record tending to support the claim that the entered values are the correct dutiable values.

On the other hand, defendant introduced testimony and documentary evidence tending to support the appraised values. Wah Lee, manager of Tuck High Co., testified that his firm had made purchases from Chiong Lee (a trade name used by Cuan Chon, manufacturer of some of the merchandise involved herein) on the basis of a price list (defendant's collective exhibit 7) and had paid 21 cents per pound for fruit sauce and plum sauce; 20 cents per pound for bean sauce; and 34 cents per pound for canned pickled bamboo shoots. Jin Say Ding, an associate of Sun Kwong On Co., testified that his firm had purchased salted soy beans from Francisco Chang Sut in Cuba in May 1943 at 26 cents per pound; and from Rio Yi Chang y Co. in October 1943 at 31 cents per pound, in January 1944 at 28 cents per pound, and in May 1944 at 28 cents per pound.

Mr. Herbert Marks, examiner of Chinese-type foodstuffs, testified that he had examined the merchandise herein and that imported by Tuck High Co. and Sun Kwong On Co., and that in his opinion the fruit sauce, plum sauce, bean sauce, and bamboo shoots involved herein and those involved in the Tuck High entry were made of the same material and had the same value and use; and that the soy beans in the Sun Kwong On entries and those involved herein were of the same value and use.

While Mr. Marks was cross-examined at great length in an effort to break down his qualifications, no evidence was offered tending to show that the merchandise imported by Tuck High Co. and Sun Kwong On Co. was of any different character than that involved herein.

Mr. Marks and Mr. Harry Lewis, another examiner and a Chinese interpreter, testified concerning an oral examination of Koon Leong, a partner in the firm of Mon Fong Wo Co., during which Mr. Leong stated that he had paid 25 cents a pound for soy beans and 18½ cents a pound for sauces. Subsequently, Mr. Marks received from him a slip of paper with the notation:

1 lb. Bamboo Shoot @ .30<br>
4½ lbs. " " @ 1.00

Mr. Soon Y. Leong (son of Koon Leong) later added to this paper the words "We pay Chong" and his signature (defendant's collective exhibit 8). Soon Y. Leong testified that these words were added by direction of Mr. Marks and that the amounts stated actually represented the prices at which his firm sold at retail and at wholesale to

restaurants. Mr. Marks denied giving him directions or exercising pressure.

Mr. Lewis and Mr. Leong testified as to the method of manufacture of the various items, showing that such merchandise might vary in quality, depending upon the processing and the ingredients. While Mr. Leong testified that the merchandise his firm imported was of the poorest quality, there was no proof that the merchandise imported by Tuck High Co. and Sun Kwong On Co. was of any different quality nor was there any evidence as to the prices of different qualities.

On the record herein I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values are the appraised values.

Judgment will be rendered accordingly.