KENNETH KITTLESON *v.* UNITED STATES

No. 8044.—Entered at Tampa, Fla.
    Entry No. 174.

## Third Division, Appellate Term

(Decided August 29, 1951)

*Hampton, Bull & Crom* (*John W. Bull* and *Frank R. Crom* of counsel) for the appellant.
    *David N. Edelstein,* Assistant Attorney General (*Harold L. Grossman,* special attorney), for the appellee.

Before CLINE, EKWALL, and JOHNSON, Judges

CLINE, Judge: This is an application for review of a decision and judgment rendered by a single judge of the United States Customs Court holding that the evidence failed to establish any value for the imported merchandise different from the appraised value of 17½ cents per pound, net packed. *Kenneth Kittleson* v. *United States,* 26 Cust. Ct. 525, Reap. Dec. 7953.

The merchandise consisted of 2,326 cartons of hard sugar candy, each containing four 10-pound bags, exported from Cuba on or about October 24, 1946. It was entered at 11¼ cents per pound, and appraised at 17½ cents per pound, net packed.

At the trial Kenneth Kittleson, customhouse broker, testified that he had entered the merchandise involved herein at the invoice price less nondutiable charges and that he had made no particular investigation to determine whether or not the purchase price was the freely offered price.

E. W. Rollow, the ultimate consignee of the merchandise, testified that he had imported about 20 carloads of Cuban hard candy during the war; that he placed the order for the involved merchandise on August 25, 1946; that he had received it on or about October 30, 1946; that he had sold it, prior to importation, on September 16, 1946; that he purchased cheap hard sugar candy from two manufacturers, Industrias Alimenticias, S. A. (the manufacturer of the instant merchandise), and Dussaq; that between August 25 and October 30, 1946, he paid 12¼ cents per pound c. i. f. Tampa; that between the date of the order herein and the date of entry, he was offered candy of this type by Cuban manufacturers; that he received a cabled offer on August 29, 1946, at 12.20 cents per pound. The cable containing the offer, which was from Dussaq, was received in evidence as plaintiff's exhibit 1. There were also received in evidence, as plaintiff's

collective exhibit 2, two cables from Industrias Alimenticias, S. A., one dated August 25, 1946, confirming an offer of 93,055 pounds of hard candy at 12¼ cents per pound c. i. f. Tampa, and the other dated August 27, 1946, agreeing to ship 93,055 pounds of hard candy by the middle of November at 12¼ cents per pound c. i. f. Tampa.

The witness testified that at the time this shipment was made, the price at which such merchandise could be sold to wholesalers in the United States was fixed by the Office of Price Administration at 14½ cents per pound, and that the price was decontrolled about October 30, 1946. There was received in evidence, as plaintiff's exhibit 3, document No. 24669 of the Office of Price Administration in regard to maximum prices of hard candy. Mr. Rollow stated that after the controls were removed, he paid 20 cents per pound, f. o. b. Cuba, for the candy.

There was received in evidence an affidavit of Jose Luis Lescano, sworn to the 1st day of April 1949 (plaintiff's exhibit 4). The affiant states therein that he is the liquidator of Industrias Alimenticias, S. A.; that on or about October 25, 1946, said company shipped to E. W. Rollow & Co. of Nashville, Tenn., c/o Kenneth Kittleson, Tampa, Fla., 2,326 cases of Cuban hard sugar candy invoiced at 12¼ cents per pound, c. i. f. Tampa; that candy of such quality and type is never sold in Cuba but is manufactured solely for export. The affidavit contains the following statement:

Affiant further says that he knows of his own knowledge that such or similar candy was freely offered for sale to all purchasers in the principal markets of Cuba, in the usual wholesale quantities, and in the ordinary course of trade, for export at that time, to the United States, at between 12¼ and 12½ cents per Lb. C. I. F. Port of Entry in the United States, and that all of said candy manufactured by said company for export was of a different type from the Cuban hard sugar candy being manufactured and offered for sale for home consumption in the markets of Cuba.

There was offered in evidence a similar affidavit of Pedro R. Arellano, sworn to the 1st day of April 1949 (plaintiff's exhibit 5), the only material difference being that the affiant states that he was connected with Industrias Alimenticias, S. A., from 1943 until 1948 and was manager of the company on October 25, 1946. Admission of this affidavit into evidence was objected to at the trial on the ground that a report of Treasury Representative Joseph H. Dillon, dated November 24, 1947 (defendant's exhibit A), states that the affiant refused to grant an interview to the Treasury representative. It was held by the court below that section 402 (b) of the Tariff Act of 1930 was not applicable to the situation herein, and the affidavit was admitted into evidence. No appeal has been taken from this ruling.

Plaintiff's exhibit 6 consists of an affidavit of T. W. Holt, Sr., sworn to the 4th day of April 1949, and copies of the papers filed at the time of entry of certain merchandise referred to therein. Affiant states

that on October 22, 1946, he was president of Holt Trading Co., Inc.; that he knows of his own knowledge and through the records of his company that on or about said date, the company received 1,372 cartons of Cuban hard candy from Industrias Alimenticias, S. A., at 12¼ cents per pound, c. i. f. West Palm Beach. The affiant was cross-examined by counsel for the Government at West Palm Beach and stated that he believed that the OPA decontrolled hard candy around October 26, 1946; that he purchased the merchandise referred to in the affidavit on August 24, 1946; that it was sold about 6 weeks before its receipt on November 1, 1946; that he did not recall receiving any notice from Industrias Alimenticias, S. A., on or about November 8, 1946, regarding a price change effective October 21, 1946; that he did not know of any price change; that he knew of Charles R. Allen, Inc., of Charleston, S. C., but did not know that on October 9, 1946, that firm had purchased 1,500 cartons of assorted hard candy for 17½ cents per pound net, f. o. b. Havana

. There was also received in evidence an affidavit of Rodolfo Ruibal, sworn to the 21st day of February 1950 (plaintiff's exhibit 7). The affiant states that he is vice president of Olavarria & Co., Inc.; that the records of the company show that on or about October 24, 1946, it received a shipment of Cuban hard candy from Industrias Alimenticias, S. A., consisting of 415 cartons at 12¼ cents per pound, c. i. f. Miami.

Defendant's exhibit A is the report of Treasury Representative Dillon referred to above. Defendant's exhibit B is a list of sales of confectionery manufactured by Industrias Alimenticias, S. A., prepared by the Customs Information Exchange from original reports received from various appraisers and other Government officers. It lists a sale of hard candy packed in four 10-pound bags on October 9, 1946, to Charles R. Allen, Charleston, at 17½ cents per pound, f. o. b. Havana. This merchandise was exported on December 8, 1946. It also lists a sale of hard candy packed in four 10-pound bags to Lombard & Co., New York, on October 26, 1946, at 15 cents per pound, f. o. b. Havana. The merchandise was exported on October 26, 1946. Two other sales of hard candy in October 1946 are listed, one on October 16, 1946, to Inter-American Suppliers Corp. at 15½ cents per pound, f. o. b. Havana, and one on October 30, 1946, at 20 cents per pound, f. o. b. Havana. It does not appear how this merchandise was packed.

On this record, appellant claims that the presumption of correctness attaching to the appraiser's valuation has been overcome and that the dutiable value of the merchandise is 11¼ cents per pound, f. o. b. Havana. It should first be noted that plaintiff's burden of proof in a reappraisement case is twofold: He must overcome the presumption of correctness attaching to the appraiser's valuation and must also establish the proper dutiable value of the merchandise.

*United States* v. *Malhame & Co.,* 19 C. C. P. A. (Customs) 164, T. D. 45276; *Harry Garbey* v. *United States,* 24 C. C. P. A. (Customs) 48, T. D. 48332; *Sears, Roebuck & Co. et al.* v. *United States,* 31 C. C. P. A. (Customs) 36, C. A. D. 246. This burden appellant has failed to meet.

The testimony of E. W. Rollow and the affidavits of T. W. Holt, Sr., and Rodolfo Ruibal show the price paid by each for hard candy purchased from Industrias Alimenticias, S. A., but fail to show that the merchandise was freely offered to all purchasers in the usual wholesale quantities and in the ordinary course of trade at such price. Moreover, the testimony of E. W. Rollow refers to the price he paid for merchandise ordered on August 25, 1946, and an offer received on August 29, 1946, and the testimony of T. W. Holt, Sr., indicates that his merchandise was purchased on August 24, 1946. The affidavit of Rodolfo Ruibal states that his company received a shipment on October 24, 1946, but does now show when it was ordered. None of this evidence, therefore, establishes what the price of such or similar merchandise was on the date of exportation, October 24, 1946.

The affidavit of Jose Luis Lescano does not state when he was appointed liquidator of Industrias Alimenticias, S. A., or whether he had any connection with the company at the time of exportation of the instant merchandise. He fails to state what the sources of his information were, nor does he support his statements with price lists or other evidences of sales. His affidavit therefore has little probative value. *Sanders Mfg. Co.* v. *United States,* 5 Cust. Ct. 585, Reap. Dec. 5044; *Golding Bros. Co., Inc.* v. *United States,* 6 Cust. Ct. 964, Reap. Dec. 5272; *Jenkins Brothers* v. *United States,* 25 C. C. P. A. (Customs) 90, T. D. 49093; *Transatlantic Shipping Co., Inc. (Absorbo Beer Pad Co., Inc.)* v. *United States,* 28 C. C. P. A. (Customs) 19, C. A. D. 118.

According to the affidavit of Pedro R. Arellano (plaintiff's exhibit 5), he was connected with Industrias Alimenticias, S. A., from 1943 to 1948 and was manager at the time of exportation of the merchandise involved herein. He states that "such or similar candy was freely offered for sale to all purchasers in the principal markets of Cuba, in the usual wholesale quantities, and in the ordinary course of trade, for export at that time to the United States, at between 12¼¢ and 12½¢ per Lb. C. I. F. Port of Entry in the United States, * * *." This statement is not supported by price lists or other evidences of sales. On the contrary, defendant's exhibit B lists a number of sales by this company at other prices. The affidavit is, therefore, insufficient to prove that the merchandise was freely offered to all purchasers at the price stated.

There is no evidence in the record as to what the wholesale quanties were or whether or not the price paid depended upon the quantity

purchased. Since no lists of sales in wholesale quantities have been produced, the court cannot determine the usual wholesale quantity in accordance with the well-established rule that the major portion of sales or offers for sale in a wholesale quantity constitutes the usual wholesale quantity. *United States* v. *M. Minkus*, 21 C. C. P. A. (Customs) 382, T. D. 46912; *Jenkins Brothers* v. *United States, supra.* The appellant has, therefore, failed to meet this material issue of the case.

On the record herein, we affirm the findings of the trial court that:

1. The merchandise involved herein consists of 2,326 cartons of hard sugar candy exported from Cuba.

2. It was entered at 11¼ cents per pound, net packed, and appraised at 17½ cents per pound, net packed.

3. The evidence fails to establish any value for the instant merchandise different from the value returned by the appraiser.

The presumptively correct value returned by the appraiser not having been overcome, we conclude that the value of the instant merchandise is 17½ cents per pound, net packed.

The decision and judgment below is affirmed and judgment will be rendered accordingly.