KENNETH KITTLESON *v.* United States (No. 4709)[1]

---

United States Court of Customs and Patent Appeals, November 10, 1952

*John W. Bull* and *Frank R. Crom* for appellant.
*Charles J. Wagner*, Acting Assistant Attorney General (*Daniel I. Auster*, special attorney, of counsel), for the United States.

[Oral argument October 8, 1952, by Mr. Auster; submitted on brief by appellant]

Before GARRETT, Chief Judge, and O'CONNELL, JOHNSON, COLE, and JACKSON (retired), Associate Judges

COLE, Judge, delivered the opinion of the court:

We are concerned here with the dutiable value of an importation of hard sugar candy from Cuba, entered at the port of Tampa, Florida. The provisions of section 501 of the Tariff Act of 1930, as amended by section 16 (b) of the Customs Administrative Act of 1938 (19 U. S. C., 1501 (a)) were invoked in an appeal for reappraisement by a judge of the United States Customs Court. The United States Appraiser found the shipment to contain 2,326 cartons, each of a net weight of 40 pounds, and assessed the same at 17½ cents per pound as against the entered value of 11¼ cents per pound.

The case was heard in three sessions before an individual judge sitting in reappraisement, finally resulting in a well reasoned opinion by Judge Rao wherein the facts were fully and accurately set forth. *Kenneth Kittleson* v. *United States*, 26 Cust. Ct. 525, Reap. Dec. 7953. That opinion was reviewed and affirmed by the Third Division of the

United States Customs Court and appropriate judgment was entered thereafter. *Kenneth Kittleson* v. *United States,* 27 Cust. Ct. 428, Reap. Dec. 8044, Treasury Decisions, Vol. 86, No. 37. Alleged errors in the judgment of the appellate division brings this case to us for review.

Our discussion of the case becomes considerably shortened by reason of the statement in appellant's brief reading:

"Thereupon Appellant filed his petition with this Honorable Court on the 19th day of October, 1951, for a review of the decision of the United States Customs Court, together with the Assignments of Error, fifteen in number, some of which assignments are upon questions of fact and some of which are upon questions of law; but inasmuch as Section 2637 of the United States Code applicable to appeals to this Honorable Court provides that if the decision appealed from relates to a reappraisement of merchandise, such appeal to this Court *shall be upon questions of law only,* we shall, of course, confine our argument to questions of law  *  *  *."

We accept the foregoing as an abandonment of all errors previously assigned except numbers 7, 8, 9, 10, 12, and 13 argued in appellant's brief. Bearing in mind that it is the function of this court to review only questions of law in appeals in reappraisment proceedings, we proceed with the disposition of the alleged error, i. e., whether there was misapplication of the law by the Customs Court in arriving at its decision.

We are guided in doing so by this statement found in *United States* v. *Collins & Gissell (Ludwig Baer),* 29 C. C. P. A. (Customs) 96, 98 by Chief Judge Garrett speaking for the court:

"In a reappraisement proceeding we are bound by the findings of fact below whenever there is any substantial evidence to support such findings and our concern is confined to such question or questions of law as may be presented. *So in the instant case there is no occasion for a detailed review of all the evidence.*" (italics ours)

As to assignments of errors 7, 8, 9, and 10 which are, as appellant's counsel states, directed to one and the same error of law, we find no difficulty in construing them as clearly a question of fact and not of law. Specifically, they are:

Assignment of Error No. 7

The United States Customs Court erred in holding that the affidavit of Pedro R. Arellano is insufficient to prove that the merchandise was freely offered to all purchasers in the usual wholesale quantities, and in the ordinary course of trade, for export at that time to the United States at between 12¼c and 12½c per pound C. I. F. Port of Entry in the United States.

Assignment of Error No. 8

The United States Customs Court erred in holding that it was necessary that said affidavit of Pedro R. Arellano be supported by price lists or other evidence of sales, although it had already been explained to the Court by the plaintiff that it was impossible to produce, or to require the production of, such price

lists, which, if any were in existence, were in a foreign country, and not in the custody, control or possession of any person, firm, or corporation within the jurisdiction of the United States Customs Court.

### Assignment of Error No. 9

The United States Customs Court erred in holding that the affidavit of Pedro R. Arellano was not the best evidence of the facts therein stated, although plaintiff had stated to the Court that it was impossible for him to produce, or cause to be produced, any evidence of such facts other than said affidavit and the evidence of other sales of similar merchandise at about the same time and at about the same price, to other purchasers in the United States.

### Assignment of Error No. 10

The United States Customs Court erred in failing to hold that the affidavit of Pedro R. Arellano was the best evidence of the facts therein stated under the circumstances disclosed to the Court.

As stated in appellant's brief, this court is asked to hold that the affidavit of plaintiff's witness, Pedro R. Arellano, was sufficient to prove that the merchandise in question was freely offered to all purchasers in the usual wholesale quantities and in the ordinary course of trade for export at that time to the United States. The trial court found that such affidavit was not sufficient for that purpose. Certainly it cannot be said that because the court below commented upon the weakness of the affidavit that any error of law was involved in doing so.

We agree with the statement in Government's brief reading:

"If the importer could not do so because his shipper failed, neglected or refused to cooperate with him by furnishing the information necessary to establish his case, then neither such excuse nor hardship, nor that the information must come from a foreign country, may be accepted in lieu of the statutory essentials or the requirements made necessary by the cases heretofore cited. Any other course would be to 'supply from imagination the essentials in which the proofs are deficient', and this may *not* properly be done. *United States* v. *Malhame & Co.*, 19 C. C. P. A. (Customs) 164, 171. The contents of the affidavit of Arellano were specifically summarized and weighed by both courts as to elements of proof. It was found lacking in those essentials held to be necessary to establish a statutory value different from the appraised value."

Whether or not the affidavit in question was insufficient standing alone, unsupported by price lists or other evidence of sales, or was not the best evidence of facts stated therein, was analyzed in considerable detail and most carefully by the trial judge and the appellate division. Such is quite sufficient for our purposes in a review of this character, as both opinions dealing therewith clearly present only findings of fact.

Assignment of Error No. 12 reads:

The United States Customs Court erred in affirming the decision and judgment of the lower Court without taking into consideration the undisputed fact that at the time this shipment was made the maximum price at which plaintiff could sell such merchandise in the United States under O. P. A. regulations was 14½c per pound.

While it appears—free from dispute, that O. P. A. regulations in effect at the time of this transaction imposed a value of 14½ cents per pound as compared with 17½ cents per pound, (the value found by the appraiser) such determination by a recognized agency of Government certainly cannot be accepted as the type of testimony required in cases of this character to show, (1) the incorrectness of the value found upon appraisement, and (2) a different value in place thereof.

Assignment of Error No. 13 reads:

The United States Customs Court erred in affirming the decision and judgment of the lower Court and upholding the appraisal of the United States, which was based upon only one, single solitary shipment of similar candy at 17½c per pound, C. I. F. Port of Entry in the United States, which was consigned to Charles R. Allen of Charleston, South Carolina, which candy was not actually shipped until December 8, 1946, which was forty-three days after the export of the candy in this litigation and long after the termination of O. P. A. regulations then in effect on the sale of such candy in the United States which listed the price of 14½c per pound.

There is no justification in this record for the foregoing statement. Neither the trial judge nor appellate division based its support of the appraised value upon the one shipment. Even if there had been necessity therefor and the lower court had so functioned, their action would have been in the category of weighing the evidence.

It was not incumbent upon the Government to prove that the appraised value was proper, until or unless the importer had shown said appraisement to be erroneous and established a different value in place thereof. There is not the remotest approach in this record by the appellant to that accomplishment and without such proof it was, as we have said, unnecessary for the Government to do that which this assignment of error indicated appellee had in mind in offering such proof. It is definitely fixed by the Tariff Act of 1930 and judicial interpretations of the provisions thereof that the burden upon a party attacking an appraised value is two-fold, and the validity of such action enjoys a presumption of correctness until such burden is met. *Harry Garbey* v. *United States*, 24 C. C. P. A. (Customs) 48, T. D. 48332; *United States* v. *Freedman & Slater, Inc.*, 25 C. C. P. A. (Customs) 112, 118; *Transatlantic Shipping Co., Inc.* (*Absorbo Beer Pad Co., Inc.*) v. *United States*, 28 C. C. P. A. (Customs) 19, C. A. D. 118; *Sears, Roebuck & Co., et al.* v. *United States*, 31 C. C. P. A. (Customs) 36, 42; *United States* v. *Robert Reiner, Inc.*, 35 C. C. P. A. (Customs) 50, 56. Decisions to the contrary under the Tariff Act of 1922, as cited in appellant's brief, have no application.

There is obviously no necessity for us to discuss the evidence offered in this record. The entire case falls completely because of appellant's failure to make out a case as the law requires.

The judgment is *affirmed*.

JACKSON, J., retired, recalled to participate herein.