**No. 57829.**—Butler Brothers *v.* United States, petition 6806–R (Laredo).

JOHNSON, Judge: This petition for the remission of additional duties, filed under the provisions of section 489 of the Tariff Act of 1930, involves certain glassware imported from Mexico.

At the trial, the petitioner submitted the testimony of two witnesses. The first was the general attorney and special assistant to the director of merchandising of the importer, whose office it was to acquire all goods, including that from foreign countries. He participated in determining the price to enter as the proper values of merchandise imported; that, as to the glassware in question, it was determined that the only feasible value was the amount paid in Mexico which was the prevailing market prices; and that at the time of entry he believed that the invoice prices represented the correct dutiable value for the goods.

On cross-examination, the witness further testified that he supervised and had control of the ultimate decision made in connection with the value at which to enter the merchandise; that he decided the invoice prices represented the proper value at which to enter the goods; and that, in arriving at such conclusion, he made an investigation conducted through telephone conversations with the Mexican buyer, whom he caused to contact the Mexican seller and other sellers of such or similar goods.

The customhouse broker testified that the entries in question were prepared under his direction; that, at the time of entry, he presented the submission sheets to the appraiser, requesting information as to the value in each entry involved; that the appraiser returned the sheets requesting that he obtain the correct value from the importer which he did. According to the witness, he received additional information from Butler Brothers, and all of the information he received bearing on the value was given to the appraiser.

Letters and telegrams bearing on the question of value, including the submission sheet in one entry, were admitted in evidence. This correspondence shows that the importer disputed the value found by the appraiser and advised the broker to inform the appraiser to advance the values on entries 2051, 1263, and 3476 for purposes of appeal and to withhold final appraisement on the remaining entries. Reappraisement proceedings were instituted and decision was rendered favorable to the Government. The record and decision in the case, *Butler Brothers* v. *United States*, 25 Cust. Ct. 404, Reap. Dec. 7872, were incorporated in the petition herein.

Both of the witnesses for petitioner testified that, in making entry at the values found by the appraiser to be too low, there was no intention of defrauding the revenue of the United States, or concealing or misrepresenting the facts of the case, or deceiving the appraiser as to the value of the merchandise.

Counsel for the petitioner contends that there was an honest difference of opinion between the importer and the appraiser as to the value of the merchandise and points out that, in such circumstances, it has been consistently held that remission should be granted, citing *Crown Publishers* v. *United States*, 25 Cust. Ct. 159, C. D. 1278; *Egry Register Co.* v. *United States*, 7 Cust. Ct. 304, Abstract 46513; *Selig* v. *United States*, 26 Cust. Ct. 444, Abstract 55614; and *P. Pastene & Co. (Inc.)* v. *United States*, 21 C. C. P. A. (Customs) 69, T. D. 46392.

The Government contends that the record is inadequate to sustain the burden of proof to establish by satisfactory evidence the petitioner's good faith.

From a careful consideration of the evidence before the court, we are of opinion that when there is an honest difference of opinion, such as is manifest in this case, the petitioner took the only possible course to resolve such difference. We, therefore, find that in making entry of the merchandise covered by this petition, the importer had no intention to defraud the revenue of the United States, or to conceal or misrepresent the facts of the case, or to deceive the appraiser as to the value. Judgment will, therefore, be rendered in favor of the petitioner, granting the petition.