## Syndicate Trading Co. *v.* United States (No. 2361) [1]

1. BLANKET DECISION BY BOARD.

    The action of the Board of United States General Appraisers in grouping this petition for remission of additional duty imposed for undervaluation under section 489, Tariff Act of 1922, for summary disposition with three other petitions, filed by other importers, relating to other shipments of unlike merchandise bought in other countries and passed upon by other examiners, and separately tried by different counsel with different witnesses, is not to be commended.

2. REMISSION OF ADDITIONAL DUTY—SUFFICIENCY OF EVIDENCE.

    If the importer exercises what is, under the circumstances of the case, absolute good faith in making his entry, and fully and candidly discloses all the material facts bearing upon the value of the merchandise, he is entitled to a remission of the additional duty imposed for undervaluation under section 489, Tariff Act of 1922. Where it was shown that the undervaluation was the result of an honestly entertained reasonable opinion that the value stated in the invoice was correct, remission should have been ordered.

### United States Court of Customs Appeals, January 18, 1926

APPEAL from Board of United States General Appraisers, unreported decision, dated November 28, 1923

[Reversed.]

*John Giblon Duffy* for appellant.

*William W. Hoppin,* Assistant Attorney General (*Charles D. Lawrence* and *Ralph Folks,* special attorneys, of counsel), for the United States.

[Oral argument December 9, 1925, by Mr. Duffy and Mr. Lawrence]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

BARBER, Judge, delivered the opinion of the court:

This is an appeal from the denial by the Board of General Appraisers of a petition for the remission of additional duties under the

---

[1] T. D. 41339.

provisions of section 489 of the Tariff Act of 1922. The opinion of the board by General Appraiser Adamson is as follows:

After hearing evidence and argument and considering this application, the board is of the opinion that in each and every case the evidence has failed to sustain the claim of the importer and the applications are denied.

The entitlement of this case in the record does not contain the name of the importer except as it may be included in the expression "et al." and the same is true as to the judgment order.

Importer in his brief states in substance that, in the case, the board rendered a blanket opinion, grouping it for like summary disposition with three other petitions filed by other importers relating to other shipments of unlike merchandise bought in other countries, and passed upon by other examiners, which petitions were separately tried and in which counsel and witnesses were different than in this case.

This statement is not denied by the Government and seems to be supported by the record before us. The return of the board to this court states the board's decision was "not reported." These preliminary matters are referred to because they show a procedure that is not to be commended.

The appellant is a dealer in books and stationery and the importation involved in the case was books.

At the hearing before the board importer called two witnesses; the Government none.

The testimony establishes that the entry was made for the appellant by Mr. Arnold, who was in its employ and had charge of the buying and importation of books. He made the entry at the invoice price less 15 per centum.

The examiner with whom he transacted business declined to allow the deduction, and the books were appraised at the price stated in the invoice.

Importer appealed to reappraisement which resulted in the appraised value being affirmed.

From the decision of the appraisement board it appears that the only issue was whether or not this discount should be allowed.

At the time of the hearing on reappraisement Mr. Arnold was not a witness because he was either ill or had deceased; he died before the hearing on this petition. He was the only person in importer's employ who was familiar with the whole transaction.

A witness for the importer who succeeded to Mr. Arnold's position with importer, and was his assistant at the time the entry was made, testified that he was familiar with the matter, except that he knew nothing as to what was actually said or done at the time the entry was made. He participated in the preparation of the entry. He testified that he did not conceal anything from the appraiser and that

there was no intent on the part of himself or the firm to mislead him or any customs official, or to defraud the revenue.

Importer called as a witness in its behalf the examiner. He testified in substance that Arnold, at the time of entry, insisted that importer was allowed a discount of 15 per centum on the invoice price of the books, was entitled to that deduction to make market value, and made the entry on that theory, but the examiner, because of information then in his possession and by reason of a special agent's report, which came afterwards, thought that the discount was unusual and, therefore, declined to allow it. That this discount was in fact allowed importer by the foreign vendor clearly appears.

It is clearly demonstrated that the only disagreement between the examiner and Arnold at the time of entry was whether or not this discount should be allowed.

The examiner also testified that he had known Arnold for 15 or 18 years; that during that time importer had had a lot of importations; that Arnold was usually very accurate as to the facts concerning importations, although he and Arnold did not always agree. Thereupon he gave the following testimony:

Q. Was there any attempt with regard to this entry to conceal from you any facts or to misrepresent you with respect to the conditions over there?—A. I think not.

Q. Is it your belief that the entry was made in good faith at the entered prices?—A. I do.

Q. There was no attempt to defraud the revenue of the United States?—A. I think not.

There is no testimony, fact or inference that tends to show that the examiner was not correct in his conclusion that neither misrepresentation nor concealment was practiced, nor fraud attempted. Who could know better than he concerning these matters? It is clear that Mr. Arnold desired, as he had a right, to test the legality of the appraisal and the adverse decision by the appraisement board does not deprive importer of its right to a remission of additional duties.

We have recently in effect held, in cases of this character, that if the importer exercises what is, under the circumstances of the case, absolute good faith in making his entry, and fully and candidly discloses all the material facts bearing upon the value of the merchandise, he is entitled to a remission of additional duties. *Hauptman* v. *United States*, 13 Ct. Cust. Appls. 295; T. D. 41218; *Linen Thread Co.* v. *United States*, 13 Ct. Cust. Appls. 301; T. D. 41220; *Klein, Messner Co.* v. *United States*, 13 Ct. Cust. Appls. 273; T. D. 41212.

We are clear that in this case importer has discharged the burden thus cast upon him and are at a loss to know upon what theory the Board of General Appraisers could reach the conclusion it did.

Its opinion as quoted above does not enlighten us on this question.

The judgment below is reversed and the cause remanded for further proceedings not inconsistent herewith.

*Reversed.*