(C. D. 321)

ALEXANDER BROTHERS *v.* UNITED STATES

United States Customs Court, Second Division

(Decided April 22, 1940)

*Tompkins & Tompkins (Allerton deC. Tompkins* of counsel) for the petitioners.
*Webster J. Oliver,* Assistant Attorney General (*Frank A. Carstarphen,* special attorney), for the respondent.

Before TILSON, KINCHELOE, and DALLINGER, Judges

KINCHELOE, Judge: This is a petition filed under section 489 of the Tariff Act of 1930 praying for the remission of additional duties accruing thereunder by reason of the final appraised value of certain belting leather in butts, imported from England and entered at the port of Philadelphia April 30, 1937, exceeding the entered value. It appears that the merchandise was entered at a value of 3 shillings, 8 pence, per pound based upon the invoice price, and was reappraised by reason of an appeal by the collector of customs at 4 shillings, 1 pence, per pound, less 2½ per centum discount, and less nondutiable charges, as reported in Reap. Dec. 4410, the record in which has been incorporated herein.

According to the testimony the importers, Alexander Bros., have made 10 to 15 entries a year of the same kind of belting leather, which had uniformly been entered and appraised at the same invoice price as the present merchandise. When the customs' broker received the instant papers for entry purposes he was instructed by the importers to enter the merchandise as heretofore at the invoice price, which he did, and he did not know that the invoice price was incorrect. After the Philadelphia appraiser had made his appraisement according to the entered value, he learned through a report from the Treasury Department that sometime between February 10, 1937, and April 29,

1937, there had been an advance in value in the foreign market for such leather, and the Government then filed an appeal to reappraisement. According to the invoice the merchandise was purchased February 10, 1937, and shipped April 27, 1937, so that the advance in price occurred between the purchase date and the date of exportation.

The Government examiner testified that the same general merchandise as that in question had been imported by several different importers for some time past, and that up to the time of entry of the instant merchandise there had been no change in the entered value or invoice value. We therefore think it only reasonable under the circumstances that both the importers and the appraiser should have taken for granted in the present instance that the entered or invoice price was the same as the home-market value, as before, in the absence of any positive information by them of any change in the price of the leather. Furthermore, the Government examiner testified that in his opinion there was no intention on the part of the petitioners to defraud the United States. Note *Syndicate Trading Co.* v. *United States*, 13 Ct. Cust. Appls. 409, T. D. 41339; also Abstract 36597.

The attorney for the respondent cites with great emphasis in support of his contention that this petition for remission of additional duties should be denied, the case of *Wolf & Co.* v. *United States*, 13 Ct. Cust. Appls. 589, T. D. 41453. We are very familiar with that case, and are of opinion that the evidence in same is not even similar to the evidence in this case. The court said therein in part as follows:

A representative of S. H. Kress & Co., for whom the goods were imported, personally purchased the goods in Germany and knew when he did so, he had purchased them at a bargain, or, in other words, at less than their usual market value. Such knowledge as he had must be imputed to his principal. Yet knowing this, he procured an invoice to be sent to the agent of his principal, giving a price below their real foreign value, without advising his principal of the facts. This representative returned to the United States in January, 1923, and was presumably here when the hearing was had before the court below May 11, 1923, but did not testify therein. At the time the importers entered these goods, they knew, through their representative, the true value of the same and there is in the record no sufficient explanation why this true value was not disclosed.

While on the other hand in this case, as we have already stated, the uncontradicted evidence shows that the same kind of merchandise as that here in question had been imported by several different importers for some time past at the same value as the invoice and entered value in this case, and that said merchandise up to the time of the instant case had always been appraised at the invoice and entered value of the merchandise.

So far as we can find from the record, there is nothing here to impugn the good faith of the importers, and upon a full and careful consideration of all the facts we are satisfied that the entry of the

merchandise at a less value than that found upon final appraisement was without any intention to defraud the revenue of the United States, or to conceal or misrepresent the facts of the case, or to deceive the appraiser as to the true value of the merchandise.

The petition herein is therefore granted. Judgment will be rendered accordingly.