BEFORE THE THIRD DIVISION, MARCH 14, 1945

**No. 50057.**—Petition 6480–R of Arthur A. Lehmann Co., Inc. (New York).

Opinion by CLINE, J.   The petition having been formally abandoned was dismissed.

BEFORE THE THIRD DIVISION, MARCH 19, 1945

**No. 50058.**—Petition 6434–R of Loewengart & Co. (New York).

Opinion by CLINE, J.   It appeared from the record that in entering the goat-skins 2 percent was deducted for a commission or a discount but no such deduction was made in entering the sheepskins.   The business manager of petitioner testified that the broker was instructed to submit invoices before making entries and to follow the instructions of the examiner.   The customs broker testified that he submitted the invoices to the examiner; that the examiner gave a market value for the merchandise without the 2 percent deduction; and that the entry of the goat-skins with the deduction was an oversight on the part of the entry clerk who prepared it.   The Government examiner testified that he gave information on the prices to the broker and that the sheepskins were entered correctly but the goatskins were entered with a 2 percent deduction.   The court held that the undervaluation was due to an error and that the petitioner acted without intention to defraud the revenue of the United States or to conceal or misrepresent the facts or to deceive the appraiser as to the value of the merchandise.   The petition was therefore granted.

**No. 50059.**—Petition 6410–R of Acker & Jablow (New York).

Opinion by CLINE, J.   At the time of importation two questions were raised by the appraiser, one relating to an item of 5 percent which the importer claimed was a buying commission.   A test case was established and the importer was sustained.   (*Cohen & Mann* v. *United States*, Reap. Dec. 4647, affirmed in Reap. Dec. 4865.)   That decision was followed in connection with the entries involved herein (*Cohen & Mann* v. *United States*, Reap. Dec. 5967).

The second question arose as to one item invoiced as "Dewet" cloth.   The customs broker testified that because the merchandise was the first shipment of this kind, the examiner wanted an investigation made; that as a result of said investigation, the examiner found several sales had been made on the other side to small dealers; that the appraiser found there was a foreign-market value; that it was decided to appeal to reappraisement, but when it became impossible to try the case, due to war conditions, the appeal was abandoned.   A witness for the petitioner testified that a few sales were made at retail for consumption in Poland; that the merchandise imported by the petitioner was of better quality than that sold in Poland; and that this information was given to the examiner.   The court held that the petitioners were without intent to defraud the Government or deceive its officials as to the proper value of the merchandise and that there was an honest difference of opinion between the importer and the Government appraiser as to the proper basis of valuation.   (*Syndicate Trading Co.* v. *United States*, 13 Ct. Cust. Appls. 409, T. D. 41339, cited.)   The petition was therefore granted.