**No. 51922.**—Austin Nichols & Co. et al. *v.* United States, protests 36777–K/89494, etc. (Chicago, etc.).

Opinion by EKWALL, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

BEFORE THE FIRST DIVISION, SEPTEMBER 26, 1947

**No. 51923.**—Wedemann & Godknecht, Inc. *v.* United States, petition 6561–R New York).

OLIVER, Presiding Judge: This is a petition filed under the provisions of section 489, Tariff Act of 1930, for the remission of additional duties accruing by reason of undervaluation on entry of certain reproductions of pictures imported from England.

The cause was originally submitted for decision upon a showing by the chairman of the board of the exporting company of the circumstances surrounding the importation which resulted in the imposition of the additional duties. Subsequently, the submission was set aside and the case restored to the trial calendar for the purpose of permitting additional proof by the petitioner.

Ernst Wedemann, called as a witness on behalf of the petitioner, testified that he is president of the plaintiff corporation and that he has been engaged in business as a customhouse broker for over 35 years; that in making entry of the instant importations his firm acted as agent for a London concern from whom it received consular invoices covering these shipments; that so-called submission sheets (exhibits 1 and 2) were submitted to the appraiser (R. 14); that in order to ascertain the value of the merchandise, the importer corresponded with its agents in London (R. 19) and that at the time of entry, the petitioner had no different information as to value other than that contained in the consular invoices.

The record further shows that the merchandise was entered on the basis of foreign value, the value which the importer believed to be the proper dutiable value, and appraisal was made on the basis of export value in accordance with section 402 (d), Tariff Act of 1930. Subsequently, an appeal for reappraisement was taken, and upon stipulation entered into between the respective parties, it was agreed that the appraised value represented the dutiable value of the merchandise. The undervaluation arose by reason of an increase in the manufacturing cost of the merchandise between the date of acceptance of the order and the date of shipment to the United States (R. 22).

It further appears that both the importer, Wedemann & Godknecht, Inc., and the exporting firm of A. Vivian Mansell & Co. of London assisted the Government in connection with the investigation to determine the dutiable value of the merchandise and cooperated with the customs officials in all respects.

From this record it is apparent that entry of the merchandise at less than the final appraised value was without any intent to defraud the revenue of the United States, or to conceal or misrepresent the facts, or to deceive the appraiser as to the value of the merchandise.

The petition is therefore granted.

Judgment will be rendered accordingly.