(C. D. 1278)

CROWN PUBLISHERS *v.* UNITED STATES

United States Customs Court, First Division

(Decided October 9, 1950)

Barnes, Richardson & Colburn (James F. Donnelly and Edward N. Glad of counsel) for the petitioner.

David N. Edelstein, Assistant Attorney General (Samuel D. Spector, special attorney), for the respondent.

Before OLIVER, COLE, and MOLLISON, Judges

COLE, Judge: In this case, petitioner has invoked the provisions of section 489 of the Tariff Act of 1930 (19 U. S. C. § 1489) to obtain remission of additional duties accruing by reason of the final appraised value exceeding the entered value on certain books exported from Mexico and entered at the port of New York.

Discussing, first, respondent's motion for dismissal on the ground the petition was not filed by the proper party, it appears that "Crown Publishers" is the duly authenticated trade name of a book publisher, Robert Simon, who, during the course of trial, testified that he authorized Nat Wartels to sign the present petition, and also delegated his office manager, Herbert Sklar, to make customs entry of the books in question. Such testimony, establishing proof of agency, is sufficient. United States v. F. L. Kraemer & Co., 17 C. C. P. A. (Customs) 448, T. D. 43879; C. J. Martenis Grain Co. v. United States, 70 Treas. Dec. 713, T. D. 48652.

Furthermore, "Crown Publishers" is the importer, prepared the entry, filed the owner's declaration, and paid all assessments, including imposition of the additional duties for which remission is now sought. In other words, throughout all the proceedings leading to the petition before us, "Crown Publishers" was recognized by customs authorities. Under such circumstances, petitioner is entitled to prosecute the present action. Frederick Richards v. United States, 24 C. C. P. A. (Customs) 243, T. D. 48670.

The motion to dismiss is denied.

On the merits, the proof is sufficient to grant the relief requested. Prior to entry, petitioner's office manager conferred with the customs examiner and made a complete disclosure of all essential facts. The customs examiner was given the value at which entry would be made,

after being advised of information received from the Mexican shipper, telling that the wholesale price of these books had been reduced. Although the examiner did not agree with the entered value, he consented, upon request from petitioner, to conduct an investigation in the foreign market to ascertain correct dutiable value. The investigation established the correctness of the higher amount at which appraisement was made, and that had been originally supplied by petitioner.

Petitioner's voluntary contact with the customs examiner, offering all available information, is virtual confirmation of the latter's testimony to the effect that throughout several years of experience he never knew petitioner to withhold any information concerning value of imported merchandise.

The appraiser's advance in value was actually the result of an honest difference of opinion between petitioner and the customs officials. The situation is not unlike that found to exist in *Syndicate Trading Co.* v. *United States*, 13 Ct. Cust. Appls. 409, T. D. 41339. There, as here, the importer consulted with appraising officials prior to entry. The former contended that certain discount was not part of dutiable value and, therefore, excluded it on entry, while the latter insisted upon including the item and appraised the merchandise accordingly. In granting the petition, the Court of Customs Appeals said that "if the importer exercises what is, under the circumstances of the case, absolute good faith in making his entry, and fully and candidly discloses all the material facts bearing upon the value of the merchandise, he is entitled to a remission of additional duties."

From an examination of the record and a consideration of all the facts, we are satisfied that the entry of the merchandise at a value less than that found on final appraisement was without any intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise.

The petition is therefore granted and judgment will be rendered accordingly.