**No. 58611.**—The London Gramophone Corp. (Now—London Records, Inc.) *v.* United States, petition 7139–R (New York).

JOHNSON, Judge: This is a petition filed pursuant to section 489 of the Tariff Act of 1930 for the remission of additional duties which accrued by reason of the fact that the final appraised value of the merchandise exceeded the entered value. The merchandise consisted of long-playing phonograph records imported from England on or about August 4, 1950.

At the trial, petitioner called Vincent Malledt, comptroller and treasurer of London Records, Inc., formerly known as The London Gramophone Corp. (the petitioner herein), and Hadley S. King, an attorney associated with the firm of Barnes, Richardson & Colburn, who is representing petitioner in this matter. The following facts appear from their testimony: The London Gramophone Corp. has been importing long-playing records for several years, but, prior to June 1950, such records had not been sold on the English market. Since there was no foreign, export, or United States value for the merchandise, it had been appraised on the basis of cost of production. In June 1950, petitioner was advised that the same records were to be offered on the British market, for which reason it believed the dutiable value had to be redetermined. The information was relayed to the appraiser, and appraisement was suspended on all records of this type. Petitioner, through its attorney, negotiated with the appraiser for some time and, in June 1952, it was agreed that the Government would have to have a complete picture of the market in England. The appraiser requested the Treasury attaché in London to make an investigation, and petitioner's attorney, Mr. King, joined him in going over the records of the Decca Record Co. in London, the

parent company, and in correlating all of its sales information. On the basis of the report made by the Treasury attaché, the appraiser was ready to appraise this type of merchandise. The present entry was then selected as a test case; the appraiser made an advance in value; and an appeal for reappraisement was filed. Thereafter, following the decision of the Court of Customs and Patent Appeals in *United States* v. *International Expediters, Inc., for Winsor & Newton, Inc.,* 40 C. C. P. A. (Customs) 148, C. A. D. 511, a stipulation was entered into by counsel for both parties, stating a cost-of-production figure that was substantially less than the appraised value but more than the entered value. The merchandise was reappraised by the court on the basis of this stipulation. *The London Gramophone Corp.* v. *United States,* 30 Cust. Ct. 556, Reap. Dec. 8221. However, since the final appraised value was slightly higher than the entered value, additional duty was assessed.

Mr. King testified that he gave customs officials all the information he had as to value, that he sought information in order to give it to them, and that he did not deceive the appraiser or intend to deceive him as to the value of the merchandise.

From this record, it is clear that petitioner disclosed all information in its possession to customs officials and assisted the Government in investigating the situation in order to ascertain the correct value of the merchandise. A test case was made because of an honest difference of opinion between petitioner and customs officials. On the facts presented, we hold that the entry of the merchandise at a value less than that found on final appraisement was without any intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise. *Crown Publishers* v. *United States,* 25 Cust. Ct. 159, C. D. 1278; *Wedemann & Godknecht, Inc.* v. *United States,* 19 Cust. Ct. 140, Abstract 51923; *Golding Brothers Co., Inc.* v. *United States,* 23 Cust. Ct. 217, Abstract 53761.

The petition is granted and judgment will be rendered accordingly.