BEFORE THE THIRD DIVISION, APRIL 20, 1956

**No. 59866.**—International Expediters, Inc. *v.* United States, petition 7194–R (New York).

JOHNSON, Judge:   This is a petition, filed under section 489 of the Tariff Act of 1930, for the remission of additional duties assessed on account of the undervaluation of certain merchandise, consisting of footwear, imported from Mexico and entered in April 1942 and in March or April 1943.

The merchandise was entered on the basis of export value of such merchandise and was appraised on the basis of the foreign value of similar merchandise.   An appeal was taken for reappraisement, but it was held that the evidence presented was insufficient to overcome the presumption of correctness attaching to the appraised value.   *International Forwarding Co., Inc., et al.* v. *United States*, 32 Cust. Ct. 577, Reap. Dec. 8281.   This decision was affirmed on appeal.   *International Forwarding Co., Inc., et al.* v. *United States*, 34 Cust. Ct. 540, A. R. D. 56.

At the trial herein, Henry F. Heisse, import manager of International Expediters, Inc., and International Forwarding Co., Inc., testified that the former company is in some respects a successor of the latter, which had been required by the Interstate Commerce Act to break off its import and export activities and set up a different company. He had acted as import manager for both concerns from 1937 to 1950 and was personally familiar with the details relating to the entered values of the Mexican footwear involved herein. As customs broker, he had worked closely with the importer, Wales Import Co., not only in preparing the entries but in determining the dutiable value of the merchandise. The only person representing the importer who was thoroughly familiar with the matter was Samuel Smolen, president and sole owner of the company, now deceased. It was he who attended to the purchase and importation of the merchandise. At the time the entries were made, the witness and Smolen went over the purchase prices and current quotations for similar importations, since there was considerable price fluctuation on footwear imported from Mexico. It was the practice for them to submit all invoices to the appraiser and to determine what the freely offered export prices were at the time each shipment crossed the border. Written copies of orders and of exporters' quotations were regularly submitted to customs officials. At one time, the witness prepared a questionnaire for Smolen to take to Mexico and submit to manufacturers and sellers, inquiring the prices of similar goods sold to the United States, if any, and of such and similar goods sold in Mexico for home consumption, if any. As a result of the replies, they were satisfied that there was no home market value for similar merchandise; that there were no sales of such or similar footwear in Mexico at the time of entry; and that it was proper to enter the goods on the basis of the freely offered export prices. In the instant case, these were higher than the invoice prices.

The witness and Smolen cooperated with customs officials by consulting the appraiser as to the proper dutiable value and presenting their view that there was no foreign value for such or similar merchandise. The appraiser did not agree, and it was decided to make a test case. Some entries were deliberately made at certain values to establish such a case, in accordance with arrangements with the appraiser. Other entries were amended to a higher value, and appraisement was withheld pending the outcome of the test case. The test case was prosecuted unsuccessfully, as has been noted.

In conclusion, the witness stated that, in making the entries herein, there was no intent to defraud the revenue of the United States or deceive the appraiser as to the value of the merchandise.

Counsel for the Government did not cross-examine the witness and presented no evidence, but moved to dismiss the petition on the ground that the importer had failed to make out a *prima facie* case. The Government submitted a statement subsequently to the effect that it did not desire to file a brief.

On the record presented, we are of opinion that the petitioner, in undervaluing its merchandise, acted in entire good faith. An inquiry was made of manufacturers and sellers in Mexico to determine the proper dutiable value; petitioner cooperated with and consulted customs officials and disclosed information to them; there was an honest difference of opinion between the importer and the appraiser as to the dutiable value of the merchandise; a test case was brought and diligently prosecuted. In view of these circumstances, we find that the petition should be allowed. *Syndicate Trading Co.* v. *United States,* 13 Ct. Cust. Appls. 409, T. D. 41339; *United States* v. *Daimon Raike Co.,* 17 C. C. P. A. (Customs) 406, T. D. 43836; *The London Gramophone Corp.* v. *United States,* 33 Cust. Ct. 469, Abstract 58611.

The Government's motion to dismiss the petition is, therefore, denied and the petition is granted. Judgment will be rendered accordingly.