**No. 60079.**—Safeway Stores, Inc., and Border Brokerage Co. et al. v. United States, petitions 7172–R, etc. (Seattle).

EKWALL, Judge: These two petitions seeking remission of additional duties under section 489, Tariff Act of 1930, have been consolidated. They relate to two entries of tissue paper imported at the port of Blaine, Wash., during the year 1848. Entry was made by a firm of customs brokers. Mr. Ben S. Armstrong, who was president of said firm at the time of entry, testified that, at that time, he was actively engaged in such business and was familiar with the entries involved. His testimony was that the merchandise was entered on the invoiced values and that appraisement was made upon the basis of an investigation carried on abroad by Treasury agents. Although he learned of the Government's inten-

tion to appraise the merchandise at values higher than those at which it was entered, he requested the Government officials to proceed with the appraisement for the purpose of creating test cases in which the question of value could be litigated. This action was taken by him at the request of his counsel. Appeals for reappraisement were filed and the cases litigated. The witness testified further that he had no intention to defraud the Government or to deceive the appraiser or examiner and that he revealed to those officials all the facts he had relative to the dutiable value of this merchandise.

On cross-examination, the witness testified that he talked with the manufacturer about the higher value which the appraiser intended to place upon the merchandise as a result of a foreign investigation but that he was satisfied that the entered value, which was the invoice value, was correct.

The court's records show that, as a result of the litigation above referred to, the court found that foreign value, as defined in section 402 (c) of the Tariff Act of 1930, as amended, was the proper basis for valuation of the merchandise, rather than export value, as defined in section 402 (d) of the act and as claimed by the plaintiffs.

From this record, it is apparent that there was an honest difference of opinion between the importer and the Government officials as to the proper value of this merchandise. In such circumstances, it has been consistently held that remission should be granted. *Crown Publishers* v. *United States*, 25 Cust. Ct. 159, C. D. 1278; *Egry Register Co.* v. *United States*, 7 Cust. Ct. 304, Abstract 46513; *Selig* v. *United States*, 26 Cust. Ct. 444, Abstract 55614; and *P. Pastene & Co. (Inc.)* v. *United States*, 21 C. C. P. A. (Customs) 69, T. D. 46392.

The petitions are, therefore, granted.