**No. 60230.**—D. N. & E. Walter & Co. and Hoyt, Shepston & Sciaroni *v.* United States, *petition 7203–R* (San Francisco).

WILSON, Judge:   This is a petition for remission of additional duties pursuant to section 489 of the Tariff Act of 1930, which duties accrued by reason of the undervaluation on entry of certain bales of rugs, imported from China and entered at the port of San Francisco.

The factual situation involving this merchandise is as follows: A quantity of jute and wool hooked rugs was purchased by the importer in Tientsin, China, and transported therefrom in 1941, in three shipments, for exportation to the United States.   One shipment (reappraisement 163450–A), purchased in March 1941, was shipped to Kobe, Japan, for transshipment to the United States, but, due to war conditions, was returned to the seller in China, where it was stored until 1946.   The other two shipments (reappraisements 163451–A and 163452–A) were sent to Shanghai, China, for transshipment to the United States, but, due to governmental control under war conditions, these shipments were held at Shanghai until 1946.   All three shipments were subsequently exported to the United States, arriving in San Francisco in April and May 1946.   The merchandise involved in the present petition is part of the shipments referred to above.

At the time of the arrival of the rugs in this country in 1946, the importer agreed that export value (section 402 (d) of the Tariff Act of 1930) was the proper basis for appraisement of the merchandise but maintained that, for valuation purposes, the rugs had been imported from China in 1941, whereas the appraiser determined that "the time of exportation" of such merchandise to the United States for valuation purposes was in 1946.

The greater part of the rugs, exported as aforesaid, was entered at values based upon the 1946 date of exportation, as determined by the appraiser.   The rugs involved herein, however, were entered for duty on the basis of export value, predicated upon 1941 being the correct date for valuation purposes, the importer intending to make a test case with respect to the value of the merchandise in question.   The involved merchandise was appraised on the basis of export value, the appraiser finding that 1946 was the correct date of exportation for valuation purposes, with the result that higher values were found for the merchandise than those at which entered.   Subsequently, appeals for reappraisement were filed and the cases litigated.   In such actions, the appraised values were affirmed. (Reap. Dec. 7867; A. R. D. 18; and C. A. D. 582.)

The vice president of the importing company testified that it was at his direction that the rugs here involved were entered at the 1941 values, despite the fact that, at the time of entry, he knew the appraiser considered 1946 to be the proper date for valuation purposes.   He stated that the reason that the merchandise was entered at the lower values was because he believed they were correct and could be sustained and that he was so advised by his counsel; that, in so entering his goods, he did not intend to conceal from the Government officials any facts affecting the value of the merchandise; and that he did not intend to misrepresent or deceive the Government in any way.

An employee of the customs brokerage firm which entered these goods testified that, prior to filing the entries in question at lower values, he knew that the appraiser was going to appraise the merchandise at the 1946 market values, which were considerably higher, and stated that, prior to entry, he informed that official that he was going to enter the merchandise at the lower values, advising him of the reason for doing so, namely, to make a test case and have the question of value litigated.

From this record, it is apparent that there was an honest difference of opinion between the importer and the Government officials as to the proper value of this merchandise. In such circumstances, it has been consistently held that remission should be granted. *Crown Publishers* v. *United States*, 25 Cust. Ct. 159, C. D. 1278; *Egry Register Co.* v. *United States*, 7 Cust. Ct. 304, Abstract 46513; *Fred Selig* v. *United States*, 26 Cust. Ct. 444, Abstract 55614; and *P. Pastene & Co. (Inc.)* v. *United States*, 21 C. C. P. A. (Customs) 69, T. D. 46392.

The petition for remission of additional duties is granted. Judgment will be entered accordingly.