BEFORE THE FIRST DIVISION, SEPTEMBER 10, 1957

**No. 61193.**—Belgian Electric Sales Corporation and A. N. Derringer, Inc. *v.* United States, petitions 7213–R and 7214–R (Ogdensburg).

OLIVER, Chief Judge: These petitions, filed under the provisions of section 489 of the Tariff Act of 1930, seek the remission of additional duties imposed by reason of the appraised values exceeding the entered values of certain electric motors exported from Montreal, Canada, and entered at the port of Champlain, N. Y. While there are two petitions before us, both consolidated for trial, they involve only one entry covering the identical transaction. One petition (7213–R) was filed by the Belgian Electric Sales Corporation, the importer of the merchandise; the other petition (7214–R) was filed by A. N. Deringer, Inc., the customs broker who made the entry in question.

The sole witness, who appeared herein, testified on behalf of petitioners. He is the treasurer of the Acec Electric Co., successor to the importing corporation, exclusive agent in this country for the Belgian manufacturer of the electric motors covered by the entry involved herein. His testimony supports the following summation.

These electric motors were manufactured in Belgium and shipped to Belcan Electric Sales, Ltd., of Montreal, Canada, the Canadian agent for the American importer, entrusted with the sale and distribution in Canada of electric motors such as those imported under the entry, the subject of this discussion. The Canadian agent, on behalf of its American principal, shipped these electric motors to the ultimate consignees, i. e., Crawford Electric Co., of Pawtucket, R. I., White Electric Motors of Lowell, Mass., and Sandman Electric Co., Inc., of Boston, Mass.

The customs broker, following instructions from the importer, entered the merchandise at the Belgian value of the motors, plus Canadian taxes and duty. Thereafter, and before the merchandise had come under the observation of the appraiser, petitioners learned that the values stated on entry were not correct and "that the correct basis for valuation was the market value in Canada." Petitioners, seeking to obtain the appraiser's views on the matter of value, conferred with customs officials at the port of Champlain, N. Y., where the merchandise was entered. Thereafter, petitioners, endeavoring to ascertain the Canadian market value for the merchandise, contacted the Canadian agent and shipper of these electric motors and requested copies of invoices covering sales of such merchandise in Canada between December 1950 and June 1951. (The entry in question was made in February 1951.) From the invoices supplied by the

Canadian agent, pursuant to petitioners' request, the witness prepared a tabulation, setting forth approximately 90 sales and showing the dates of each sale, the invoice numbers, and the discounts, if any, allowed. In each instance, except a negligible few, the rate of discount was either 35 per centum, or 20 per centum and 10 per centum. In November 1951, 9 months after the original entry, petitioners filed an amended entry in which the merchandise was entered at its Canadian list price, less discounts of 35 per centum, or 20 per centum and 10 per centum. The amended values were not acceptable to the appraiser who insisted that a discount of 10 per centum only was properly deductible from the Canadian list price and appraised the merchandise accordingly. An appeal for reappraisement was filed but it was ultimately abandoned, on advice of counsel, because, between the date of the original entry, on February 14, 1951, and the date of appraisement, on April 2, 1953, Canadian witnesses familiar with market conditions in Canada had become unavailable, removing the possibility of obtaining competent testimony to support the importer's claim.

In this case, as in all petitions arising under section 489, *supra*, the question is whether "satisfactory evidence" has been offered by petitioners to show that the entry of the merchandise at a less value than that found by the appraiser was without intention to defraud the revenue, to conceal or misrepresent the facts of the case, or to deceive the appraiser as to the value of the merchandise. To sustain their burden, petitioners must show that, in undervaluing the merchandise, they acted in entire good faith, that no facts or circumstances were known to them which would cause a prudent and reasonable person to question the correctness of the values stated by them, and that a full disclosure was made to customs officials of all material facts within petitioners' knowledge concerning the value of the merchandise. *Wolf & Co. v. United States*, 13 Ct. Cust. Appls. 589, T. D. 41453; *Intra-Mar Transport Corp., Formerly Gondrand Transport Corp. v. United States*, 42 C. C. P. A. (Customs) 94, C. A. D. 578. Petitioners are not the insurers of the correctness of the value of the merchandise nor need they positively know its value. *P. Pastene & Co. (Inc.) v. United States*, 21 C. C. P. A. (Customs) 69, T. D. 46392. Where a petitioner exercises good faith in making his entry and fully discloses all material facts in his possession, he is entitled to a remission of additional duties. *Syndicate Trading Co. v. United States*, 13 Ct. Cust. Appls. 409, T. D. 41339. On the other hand, a petition for the remission of additional duties imposed under section 489, *supra*, will be denied where petitioner makes no effort to ascertain the value of his merchandise, or there are facts or circumstances known to petitioner which would cause a prudent man to make further inquiries, or where petitioner does no more than file a submission sheet with the appraiser, which is returned with no information. *United States v. H. S. Dorf & Co. of Pa., Inc.*, 36 C. C. P. A. (Customs) 29, C. A. D. 392; *United States v. Edward H. Corrigan*, 38 C. C. P. A. (Customs) 26, C. A. D. 434; *A. N. Deringer, Inc. v. United States*, 42 C. C. P. A. (Customs) 28, C. A. D. 565; *United States v. D. Lisner & Co., Inc.*, 38 C. C. P. A. (Customs) 79, C. A. D. 443; *Stan Newcomb and Barbara Todd v. United States*, 37 C. C. P. A. (Customs) 18, C. A. D. 413.

On the basis of the record herein, petitioners are entitled to the relief they seek. Their attitude throughout the period when appraisement of the merchandise was under consideration (approximately 2 years) was one of complete cooperation and willingness to meet requirements of the appraising officials. The uncontradicted testimony shows that petitioners had several conferences with customs officials concerning the value of the merchandise, that they took positive action, communicating with their Canadian agent, to obtain all available information relating to the Canadian market value of these electric motors, and that the entry thereof at values less than those adopted by the appraiser was based on an honest

difference of opinion between petitioners and the appraiser. Under such circumstances, these petitions should be allowed.

We, therefore, hold that the entry of this merchandise at values less than those found by the appraiser was without intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise.

The petitions are granted and judgment will be rendered accordingly.