BEFORE THE FIRST DIVISION, OCTOBER 22, 1957

No. 61286.—Atlas Trading Company v. United States, petition 7204-R (Los Angeles).

WILSON, Judge: This is a petition for remission of additional duties pursuant to the provision of section 489, Tariff Act of 1930, which duties accrued by reason of the undervaluation on entry of certain Chinese rugs imported from China and entered at the port of Los Angeles.

It appears that, at the time of importation of the involved goods, a question arose between the importer and the customs authorities relative to the valuation of the merchandise, involving as it did the application of a system of currency exchange regulations existent in China under the Japanese authorities called the link system. Entry of the merchandise was made in yuan dollars, and appraisement of the merchandise was made at the higher "link" rate of exchange in United States dollars. It was thereupon agreed between the petitioner and the appraiser that a test case should be taken to determine the correct value of all of the merchandise. In said test case, Atlas Trading Company v. United States, 31 Cust. Ct. 381, Reap. Dec. 8243 (affirmed in Atlas Trading Company v. United States, United States v. Atlas Trading Company, 34 Cust. Ct. 547, A. R. D. 57), the appraised values were upheld. The assessment of additional duties was thereafter imposed.

Jacob W. Silverman, owner of the petitioning company at the time of importation, testified that, prior to entry of the merchandise, he and his attorneys discussed the matter of valuation with the appraiser and that complete data were furnished the customs officials relative to the currency value question; that, prior to appraisement, his attorney took up the question of the application of the proper currency to the merchandise with the Bureau of Customs; that all information in his possession regarding the Chinese link system and the currency exchange question in China was furnished customs officials. The witness further testified that no information relative to the value of the goods was withheld from the appraiser and that full disclosure of all the facts was made prior to entry of the merchandise.

The appraiser of merchandise who examined the goods in question testified that a full disclosure of all the facts relative to the imported merchandise was made to him by the petitioning company and its representatives. He further testified that he found the importer to be cooperative in furnishing information to the customs officials respecting the involved goods.

In this case, as in all petitions arising under section 489, *supra*, the question is whether "satisfactory evidence" has been offered by the petitioner to show that the entry of the merchandise at a less value than that found by the appraiser was without intention to defraud the revenue, to conceal or misrepresent the facts of the case, or to deceive the appraiser as to the value of the merchandise. To sustain its burden, petitioner must show that, in undervaluing the merchandise, it acted in entire good faith, that no facts or circumstances were known to it which would cause a prudent and reasonable person to question the correctness of the values stated by it, and that a full disclosure was made to customs officials of all material facts within petitioner's knowledge concerning the value of the merchandise. *Wolf & Co.* v. *United States*, 13 Ct. Cust. Appls. 589, T. D. 41453; *Intra-Mar Transport Corp., Formerly Gondrand Transport Corp.* v. *United States*, 42 C. C. P. A. (Customs) 94, C. A. D. 578.

In *Syndicate Trading Co.* v. *United States*, 13 Ct. Cust. Appls. 409, T. D. 41339, involving an importation of books, there was a disagreement between the importer and the examiner at the time of entry as to whether or not a certain discount should be allowed. The examiner declined to allow the deduction, and the books were appraised at the price stated in the invoice. Our appellate court, in finding that the importer was entitled to relief with respect to the remission of additional duties, page 411, stated:

We have recently in effect held, in cases of this character, that if the importer exercises what is, under the circumstances of the case, absolute good faith in making his entry, and fully and candidly discloses all the material facts bearing upon the value of the merchandise, he is entitled to a remission of additional duties. *Hauptman* v. *United States*, 13 Ct. Cust. Appls. 295; T. D. 41218; *Linen Thread Co.* v. *United States*, 13 Ct. Cust. Appls. 301; T. D. 41220; *Klein, Messner Co.* v. *United States*, 13 Ct. Cust. Appls. 273; T. D. 41212.

From the record herein, it is apparent that entry of the involved merchandise was made without any intention to defraud the revenue of the United States, or to conceal or misrepresent the facts of the case, or to deceive the customs officials as to the value of the merchandise.

The petition is, therefore, granted. Judgment will be entered accordingly.