BEFORE THE THIRD DIVISION, MARCH 30, 1960

No. 64047.—Purofied Down Products Corporation *v.* United States, petition 7239–R (New York).

RICHARDSON, Judge: This is a petition for the remission of additional duties assessed by reason of undervaluation of merchandise, pursuant to section 1489 of title 19 of the United States Code Annotated, as it existed prior to amendment by the Customs Simplification Act of 1953.

The merchandise involved consists of two shipments of bedding feathers imported from France and Italy in 1950 by The Lee-Herrmann Co. for the account of the petitioner, Purofied Down Products Corporation. The consular invoices covering the French and Italian merchandise show prices therefor of $6 per kilo and $4.85 per kilo, respectively. The current prices for home consumption set forth in the invoices are 2,450 francs per unit, all taxes included, for the French feathers and 3,097 lira per unit for the feathers imported from Italy. The merchandise was entered at the invoice prices with the addition, made under duress, of amounts sufficient to cover a 1.01 per centum French and a 3 per centum Italian transaction tax, which had been included by the appraiser in the appraised value of importations of similar merchandise.

The appraiser valued the French feathers at 2,140 French francs, plus 0.7852 per centum (addition for shrinkage), plus 1.01 per centum per kilogram net, packed. The Italian feathers were appraised by the appraiser at 3,097 lira per kilogram net, plus 3 per centum, plus packing. According to a statement on the invoice, the advisory conversion into lira was 50 per centum of United States dollars at "official" and 50 per centum at "free" rate.

Appeals for reappraisement were filed by the importer, and were prosecuted together with hundreds of other cases, but the addition made by the appraiser for shrinkage, and not the inclusion of the transaction taxes in the appraised value, was at issue. On the basis of stipulated facts, the court found that export value, as that value is defined in section 402(d) of the Tariff Act of 1930, was the proper basis for the determination of the values of the merchandise involved, and that such values were the appraised values, less the percentage addition for shrinkage.

The final appraised values of the French and Italian feathers exceeded the entered values by 1 and 2 per centum, respectively, and, as a result, the additional duties which the petitioner seeks to recover were levied.

When the case was called for trial, the president of the petitioner corporation appeared and testified. He stated that he had been president of the corporation since 1944; that imported merchandise was entered under his personal direction; that his duties as president involved buying and selling; that, in the performance of his duties, he dealt with leading producers of feathers and downs; and that he was familiar with the prevailing market conditions and values of such merchandise throughout the world.

The witness further testified that he went to France and England to make purchases of bed feathers in 1949 and 1950; that the invoice price of $6 per kilogram was the market price for the French feathers and was the price paid for them; that very little, if any, of such feathers were sold in France for home consumption at wholesale; and that, at the time entry was made, it was his opinion that the price of $6 per kilogram was about the equivalent of the home consumption price of 2,450 French francs per kilogram. He stated that his firm did not challenge by appeal for reappraisement the inclusion of the French transaction tax in the value of the merchandise, because the amount involved was small, and the broker advised against making an issue of it. The testimony of the witness with reference to the Italian importation was substantially the same.

The witness stated that he did not endeavor to conceal any facts from any Government officer, that he did not misrepresent any facts regarding the importations, and that there was no intention on his part or on the part of anyone connected with his firm as an agent to defraud the revenue of the United States.

Where a petitioner exercises what is, under the circumstances of the case, absolute good faith in making entry of imported merchandise, and fully discloses all material facts in his possession to customs officials, he is entitled to a remission of additional duties. *Syndicate Trading Co.* v. *United States*, 13 Ct. Cust. Appls. 409, T.D. 41339.

Considering the record in the instant case as a whole, we think it fairly shows that petitioner acted in good faith, that no attempt was made to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise, and that, in making entry at less value than the final appraised value, petitioner acted without intention to defraud the revenue of the United States.

The petition for the remission of additional duties is, therefore, granted. Judgment will be rendered accordingly.